WILLIAM YOUNG *v.* FRANCIS L. COOK.

The decision in the case of *Evans* v. *Gray*, 1 N. S. 712, re-affirmed to the effect, that when interest in
a witness is established by evidence *aliunde*, it cannot be disproved by his own testimony.
Parol evidence is not admissible to explain receipts, where the receipt itself is the only legal evidence
of *a contract* for the sale of real estate, and where the effect of the parol proof would be to substi-
tute a parol agreement for the sale of an immovable in the place of the receipt.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
   *Michel & Koontz*, for defendant and appellant. *E. Hiestand*, for plaintiff.

   MERRICK, C. J.   The pleadings in this case are stated by defendant's coun
sel as follows, viz :

   "Plaintiff brought suit against *Francis L. Cook*, upon the following receipt,
annexed to the petition.

   'Received from *William Young*, on account of two lots of land purchased
from me in Algiers, in payment for which I hold his two notes, each for one
hundred and fifty-nine dollars and thirty cents, due respectively on March 3d,

1858 and 1859, one hundred and sixteen dollars and thirty-two cents, payment on account of above notes.

'New Orleans, Nov. 10th, 1857.

(Signed) Francis L. Cook.'

"*Francis L. Cook* answered, admitting his signature to the receipt, but alleged that he was acting in the premises as agent for his brother, *F. W. C. Cook*; that at that time, he was in the habit of signing his name as agent or attorney in fact for his brother, in which capacity he was employed; but that in this instance, he accidentally and erroneously omitted to add beneath his signature the words, "agent or attorney in fact"; that *William Young*, plaintiff, well knew that *Francis L. Cook* was not acting for himself, but for his brother, whose agent he was, and plaintiff well knew that *Francis L. Cook* did not own the lots in question, but that they were the property of *F. W. C. Cook*, and were by him sold to plaintiff for the price specified in the receipt.

"*Francis L. Cook* disclaimed all interest in the matters in controversy, and called in his brother, *F. W. C. Cook*, to defend the suit.

"*F. W. C. Cook* answered, that he was the owner of the lots of ground referred to in the receipt on file; that he sold them to plaintiff for the price therein specified; that he purchased, by authentic act, said two lots of ground, with twenty others, in square No. 13, in the town of Belleville, on the other side of the river, from *R. B. Sumner*, of this city, under an imperfect title, which the said *Sumner* bound himself to make good and perfect, as soon as possible; that a copy of *Sumner's* title to *F. W. C. Cook*, was furnished to *William Young*, plaintiff, and that its defects were explained to him; that thereupon plaintiff purchased said two lots, upon the express condition to take such title as *F. W. C. Cook* had, and not to require a perfect title, until *F. W. C. Cook* had obtained a perfect title from *R. B. Sumner*.

"*F. W. C. Cook* asked for judgment over against *Sumner*, for having failed and neglected to perfect said title, as he had obligated himself to do.

"*R. B. Sumner* answered, admitting the sale to *F. W. C. Cook*, by notarial act, of the lots described in said act by an incumbered title, which he bound himself to make good as soon as he conveniently could; alleged that he was unable to comply with said agreement; and denied that *Cook* had ever demanded the fulfillment of the said obligation.

"Upon these pleadings, the parties went to trial."

Judgment having been rendered against the defendant, he appeals.

He relies upon two bills of exception for a reversal of the judgment of the lower court.

It is shown by the first bill, that the defendant and *F. W. C. Cook*, offered the former, *F. L. Cook*, to be sworn on his *voir dire*, to show that he was only a nominal party to the suit, in order to introduce the testimony of the witness on the merits, and that the witness was rejected because he was a party to the suit, and defendant could not contradict or vary the written agreement by parol, nor contradict the interrogatories taken *pro confessis*.

We see no error in the ruling of the lower court on this point. The interest of the witness was shown *aliunde*, and could not be removed by his own testimony. In *Evans* v. *Gray*, 1 N. S. 712, this court said, that:

"When the interest in the witness is established by evidence *aliunde*, and particularly in such a case as this, by the very instrument on which suit is brought and the party was apprised months before the testimony was taken or the trial

gone into, that the objection would be made, we think it would be contrary to principle, and quite unsafe in practice, to permit a witness who was, *prima facie*, incompetent, to do away that incompetency by his own declaration. There is just as much danger to permit him to testify to that fact as to any other in the cause. And if he can be relied on as to tell the truth, whether he has been released or not, he may be as safely depended on to give evidence in chief, without inquiring of him if he be competent."

The other bill of exception was taken to the rejection of the witness, *James Graham*, who was offered to prove that the receipt annexed to plaintiff's petition was signed in error, in not stating that he was the agent of his brother, *F. W. C. Cook*; that *F. L. Cook* has no interest in this suit, and had no claim to the lots sold ; that the title in law was valid, wanting only certain probate proceedings to make it perfect ; that the receipt annexed to the petition is in error in stating that said two lots of ground are located in Algiers ; that said lots are really located in Belleville, adjoining Algiers, and were lots Nos. 5 and 6, in square No. 13 ; that the promissory notes were signed in the presence of the witness, a Notary Public, who had drawn up an act of sale from *F. W. C. Cook* to *William Young*, to be signed by the parties whenever *R. B. Sumner* had given said *F. W. C. Cook* a good and perfect title to said property ; that the whole transaction arose at the instance and suggestion of said *R. B. Sumner*, who wished to dispose of said square of ground, to be re-sold to his workmen at the Belleville Iron Works, of whom plaintiff was one ; that said *R. B. Sumner* has neglected to complete the title, and that the same could be done with little trouble and delay, and that this suit has been caused solely by the carelessness and neglect of the said *R. B. Sumner*.

This evidence was also rejected, on the ground that it could not be received or admitted to contradict, explain, or enlarge the written instrument or vary the effect of the interrogatories on facts and articles taken as confessed.

It is true, as contended for by defendant's counsel, that parol testimony is admissible to explain receipts, but not where the receipt itself is the only legal evidence of *a contract* for the sale of real estate, and the effect of the parol proof would be to substitute a parol agreement for the sale of an immovable, in the place of the receipt. C. C. 2415.

If the defendant had been permitted to prove the error in the contract as to the agency, and in the description of the lots, it would only have annulled the contract, which would have entitled the plaintiff to recover his notes and the consideration paid.

But it is said that the testimony was admissible as against *Sumner*, to prove his *laches* and violation of his obligation.

As *Sumner* is no party to this appeal, it is idle to pass upon the question.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment appealed from be affirmed as to the parties before us ; the appellants paying the costs of the appeal.

---

### Same Case—On an Application for a Re-hearing.

Merrick, C. J. An application for a re-hearing on the demand in warranty, has been filed, on the ground that *R. B. Sumner* was cited as appellee.

We find we were misled by attending to the appeal bond in which the war-

rantor was not named as obligee, instead of referring to a citation, attached to one of the leaves of the record, which shows that *R. B. Sumner* was personally cited.

On the merits of the demand in warranty, we concur with the District Judge, that the case is not made out, neither would the rejected testimony materially aid the defendant.

Re-hearing refused.