JOSEPH B. WYKOFF, Plaintiff in Error, *vs.* IRVINE, STONE & McCORMICK, Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Certain bankers gave their written receipt for money, " to be loaned out. We to account to the owner for principal and interest, less our charges, &c., not to exceed 2¼ per cent. per annum." This contract created between the parties the relation of principal, and broker or agent. The agents were only limited in their conduct to the observance of good faith, and the exercise of proper care and circumspection. If they acted in good faith and loaned the money to a party solvent at the time of the loan, they are protected, notwithstanding such party subsequently became insolvent. Parol evidence, tending to show that the money was to be loaned for a period of six months from the time of its receipt, and that the brokers were to be liable for the amount and interest, would be in direct conflict with the terms of the receipt, and could not be received to contradict its written terms.

Points and Authorities of Plaintiff in Error.

The questions material in this case arise, and the case depends upon the construction of a written instrument set out " *in heac verba* " in the complaint, and the Plaintiff in Error claimed,

I.—That an agreement or undertaking to account for a certain sum of money is equivalent to a promise to pay said sum of money, and that to account in such a case requires something more than a simple statement or information as to what has been done with the sum of money or thing to be accounted for and means to answer for it in a responsible character and manner. *Bayley on Bills, p.* 5, and the authorities there cited.

II.—The undertaking of the Defendants was to account for the principal and interest, and it fully appears from the complaint that when an account was demanded they simply presented a worthless note to the Plaintiff. This did not and could not answer the promise and undertaking. It was not accounting in any legal sense for the principal and interest.

III.—The presenting of any note was not in any event an accounting within the terms and conditions of the contract; and the Defendants, failing to account, became liable to pay the Plaintiffs the said sum of money and interest.

Points and Authorities of Defendants in Error.

I.—The words employed in a contract must be understood according to their plain and popular sense—their strict and primary acceptation, unless they have generally, in respect to the subject matter, acquired a particular meaning distinct from their ordinary or primary one; or unless, from the context, it is manifest that they were used in a different sense; or because, in their plain, popular or primary signification, they are incapable of being carried into effect. *Chitty on Contracts,* 79, 80, *and note.*

II.—Not only the written instrument set out in the complaint itself, as well as every attending circumstance in this case, indicate the Defendants in Error as the agents for the Plaintiff, to make for him a loan of the money entrusted to their care, and that their undertaking was simply to account to him as agents, nothing more. That parol evidence, in the absence of fraud or mistake, is inadmissible to explain or vary, add to or enlarge the terms of a written instrument.

III.—The offer of the note, upon which his money was

loaned under the agreement between the parties, was an accounting in contemplation of the writing itself, as well as the law governing the relations of principal and agent, and more than they were obliged to do, as no commissions were offered or demanded.

SANBORN & LUND, Counsel for Plaintiff in Error.

D. COOPER, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J.—The Defendants were bankers. The Plaintiff left with them the sum of four hundred and twenty-five dollars to be loaned out by them, and took from them the following paper :

      " ST. PAUL, M. T., July 24, 1857.

" Received of J. B. Wykoff, Esq., four hundred and twenty-five dollars in American gold, to be loaned out. We to account to him for the principal and interest less our charges, &c., not to exceed two and one-half per cent. per annum.

      " IRVINE, STONE & McCORMACK."

This transaction created between the parties the relation of principal, and broker or agent, to loan money. It confides to the Defendants the entire control of the loans that were to be made with the money, leaving it to their judgment and discretion to select the borrowers, determine the security to be taken, fix the times of the loans, and regulate all other matters concerning them. They were only limited in their conduct to the observance of good faith, and the exercise of proper care and circumspection. They loaned the money out to some one, and collected it in again with interest, which had swelled the amount to the sum of five hundred and seventy-five dollars. They subsequently re loaned it with the accumulated interest, and took as security a note. The maker of the note subsequently became insolvent, and the note worthless. There is no charge of either bad faith or mismanagement in the making of this second loan ; only that the note at the time the Defendants were called upon for an accounting was worthless. If the Defendants acted in good faith and loaned the money to a party solvent at the time of the loan, they are

protected.    *Loitard vs. Graves*, 3 *Caine's Rep.*, 226; *McKinstry vs. Pearsoll*, 3 *John. R.*, 319; *Van Allen vs. Vanderpool*, 6 *John. R.*, 69; *Robertson vs. Livingston*, 5 *Cow.*, 473; *Corlies vs. Cumming*, 6 *Cow.*, 181.

The complaint however alleges that the money was to be loaned for a period of six months from the time of its receipt by the Defendants, and that the Defendants, without the knowledge or consent of the Plaintiff, reloaned it after the expiration of the six months, and also that the Defendants were to be liable and responsible to the Plaintiff for the amount and interest.    These allegations are in direct conflict with the terms of the paper signed by the Defendants at the time they received the money, and could not be given in evidence to contradict it.    The relation of the parties to each other was fixed by the writing, and could not be changed by parol.    They were agents vested with full discretionary powers to loan the money, and some bad faith, or gross negligence amounting to fraud, must be charged to make them personally liable.

The demurrer was well sustained,

Judgment affirmed.