# Charleston.

## JACOB M. KELLY *vs.* WILLIAM PATCHELL.

### January Term, 1872.

1. The general doctrine is well established, that in ordinary cases the bailee cannot dispute his bailor's title. But there are numerous exceptions thereto, as where it can be shown that the bailor fraudulently obtained possession of the goods; or they have been recovered from the bailee by suit or paramount title; or he has been notified by the true owner, before the suit was instituted, not to deliver them to him, and like instances.

2. A case in which a new trial was refused.

Action of Trover in the circuit court of Kanawha county, brought in July, 1867. The plaintiff proved on the trial, in April 1869, that he left a flat boat in the care of the defendent, for hire, in 1861, to be kept until the former should call for it; that defendant in 1861, converted it to his own use by loading it with coal and sending it to market; that prior to the suit he had demanded the boat, and the defendant refused to deliver the same. The defendant offered to prove that the boat was the property of another, at the time of the conversion; which he was not permitted to do, on objection being made by plaintiff, on the ground, as stated by the court, that the defendant had received the boat as the property of the plaintiff, and agreed to take care of it and return it to the plaintiff on demand; he was therefore a bailee for hire, and could not protect himself from damages for the conversion to his own use, by showing that the boat did not belong to plaintiff, before and at the time he received it from the plaintiff, and at the time of the conversion.

The jury found a verdict for the plaintiff. The defendant moved for a new trial, and filed his affidavit in support thereof, alleging in effect, that he was sick and could not be present at the trial, and he was an important witness for himself,

74

That he could prove that the boat was not the property of the plaintiff, that the latter had only hired it; and that it was sold for the debt of the owner by the sheriff. The court overruled the motion on the ground that the case was tried by consent out of its turn on the docket, both parties declaring themselves ready.

The defendant appealed to this court.

*Fitzhugh and Hogeman* for plaintiff in error.
*Mollohan and Nash* for defendant in error.

BERKSHIRE P. This was an action of trover, brought by a bailor against his bailee for hire, in the circuit court of Kanawha, for the conversion of the property so bailed. The question in the case is whether it was competent for the defendant, as he proposed to do, to dispute the plaintiff's right or title to the property in controversy, by showing that, at the time of the bailment, it in fact belonged to a third party. The general doctrine is well established that, in ordinary cases, the bailee cannot dispute his bailor's title any more than a tenant can his landlord's. But the general rule has numerous exceptions, in which he will be permitted to do so; as in a case where it can be shown that the latter fraudulently obtained possession of the goods, or that they have been recovered from the former by suit or paramount title; or he has been notified by the true owner, before the suit was instituted by the bailor, not to deliver them to him; and like instances. Story on Bailment, § 97 to 110; *B. ites* vs. *Stanton*, 1 Duers R. 79, and authorities there referred to. Nothing appears in this case, however, that would bring it within any of the exceptions. But it falls directly within the general rule and must be governed by it. The court did not err therefore in rejecting the evidence offered by the defendant, set out in his bill of exceptions. And I do not think the court erred in refusing the defendant a new trial for the reasons stated in his affidavit, upon which his motion for a new trial was based. The judgment will therefore have to be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.