FRANK A. MILLETT and another *vs.* ALONZO C. MARSTON.

*Parol testimony inadmissible to show written instrument incomplete. Only a party injured can except.*

Parol evidence is inadmissible to prove a contemporaneous agreement that a written instrument, which appears upon its face to be duly executed, intelligible, unambiguous, reasonable and complete, should be considered only as the basis or outline of a contract to be subsequently filled out with stipulations other than those contained in the writing.

Though incompetent testimony be admitted at the trial, exceptions will not lie, if it is apparent from the nature of the testimony itself that the excepting party was not injured thereby.

ON EXCEPTIONS.

ASSUMPSIT to recover $121 for fruit trees and shrubs sold and delivered by the plaintiffs to the defendant, who pleaded the general issue. The plaintiffs introduced an instrument, partly in print and partly in pencilling, on which they relied as containing the whole contract between the parties, its due execution being admitted. It was in the form of an order addressed to the plaintiffs and signed by the defendant, the names of Millett & Jelerson only appearing, in their firm style, at the commencement of the writing. It directed them to deliver to Mr. Marston, at West Waterville, in May, 1872, the specified number of fruit trees of the various kinds mentioned, the heights of some of them being mentioned, but no other specification as to size; for which the defendant promised to pay $121, when notified of their being ready for delivery. The trees arrived at the West Waterville depot, May 9, 1872, from whence they were taken by Marston, who subsequently returned them to the same place. At the trial he alleged that they were not so good, nor in such condition, as his contract with the plaintiffs required. He also offered parol testimony to prove that the paper aforesaid was not the real contract between the parties, and that, at the time he signed it, it was agreed by them that the paper was used, and only to be used, as a mem-

orandum of the number, kinds and price of the trees to be furnished; also to show what was to be the size of the trees, according to the actual contract; and that he was to have the right to examine them, after their arrival at his place, in order to determine whether or not they were such as his contract required; but the presiding judge excluded all this evidence, ruling that the parties were bound by the contents of the paper, there being no allegation of fraud in procuring it, or the defendant's signature to it. Upon the question of damages, F. A. Millett was permitted to testify that he had paid $31.67 freight upon these and other trees all delivered in one lot, at the same time, at the West Waterville depot; but he could not state what proportion of that sum was for the carriage of the trees ordered by defendant.

The plaintiffs had a verdict for $78.14, and the defendant excepted to the aforesaid rulings.

*Frye, Cotton & White*, for the plaintiffs.

*Record & Hutchinson*, for the defendant.

DICKERSON, J. The written instrument introduced in evidence by the plaintiffs to support this action is intelligible, unambiguous, and explicit with respect to the number, kind and description of the articles to be furnished, the time of delivery, the amount to be paid therefor and the time of payments. It appears to have been duly executed, and nothing is wanting to make it a completed contract.

No rule of law is better settled by authority, or more easily sustained upon principle, than that where parties have thus committed their bargain to writing, that writing must govern. They will not be permitted to introduce contemporaneous parol evidence that they meant something else, or that other conditions, stipulations or requirements were inadvertently omitted, or agreed to be incorporated into the contract. "The fundamental maxim in the construction of instruments," says Vattel, book 2, c. 17, § 263, "is that it is not allowed to interpret what has no need of inter-

pretation. Where an instrument is worded in clear and precise terms—when its meaning is evident and leads to no absurd conclusion—there can be no reason for refusing to admit the meaning which the words naturally import. To go elsewhere in search of conjectures in order to restrict or extend it, is but to elude it. If this dangerous method be once admitted, there will be no instrument which it will not render useless." 1 Greenl. on Ev., c. 15, § 275: *McLellan v. Cumberland Bank*, 24 Maine, 569.

The parol evidence offered by the defendant, and excluded by the presiding justice, goes to show that the contract duly executed, and upon its face intelligible, unambiguous, reasonable and precise is incomplete, and was only designed as a basis or outline of a contract, to be subsequently filled up with other independent stipulations and requirements. It is obvious that written instruments would soon come to be of little value, if their explicit provisions may be varied, controlled or superseded by such evidence. It is plain also that to admit such evidence for such purposes would be greatly to increase the temptations to commit perjury, already quite too prevalent in jury trials.

The admission of the testimony of F. A. Millett, as to the amount of freight paid by him on the trees in question with other lots, against the objection of the defendant, affords him no legal ground of exception, as it appears from the testimony itself that it could not have damaged him. *Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.