## N. C. Thompson v. J. F. Williams.

1. Case-Made, *Original to be Filed.* The original, and not a copy of the case-made, must be attached to the petition in error, and filed with it in this court. (*Transportation Co. v. Palmer,* 19 Kas. 471.)

2. Written Instrument — *When Contradicted, When Not.* While a written instrument which contains simply an acknowledgment of payment or delivery is only *prima facie* evidence of the fact, and may be contradicted by oral testimony, yet when in addition to such acknowledgment it contains an agreement to do anything in respect to the property delivered, then as to this latter matter it stands on the basis of any other written contract, and cannot be contradicted or varied by parol testimony.

3. Bailment; *Title; Rule.* The general rule is, that a bailee receiving goods from his bailor cannot set up title in himself at the time of the bailment, for the purpose of defeating a recovery by the bailor.

*Error from Smith District Court.*

THE nature of the action, and the facts, appear in the opinion. At the May Term, 1882, of the district court, defendant *Williams* recovered a judgment against plaintiff *Thompson,* who brings the case here.

*J. B. Johnson, E. Hagan,* and *Pattee & Royce,* for plaintiff in error.

*Uhl & Pickler,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, brought by plaintiff in error, plaintiff below, in the district court of Smith county. The case was tried before a jury; verdict and judgment were in favor of the defendant, and plaintiff alleges error. The defendant objects to the consideration of the record, on the ground that the original case-made and not a copy is filed in this court, citing General Statutes, chapter 80, § 548. The law referred to has been amended, and now it is the original rather than a copy which must be filed in this court. (Laws 1877, p. 243, § 1; *Transportation Co. v. Palmer*, 19 Kas. 471.)

Passing now to the substantial questions involved, it appears that the defendant executed the following instrument in reference to the property replevied:

"Received of Corn and Royce one Chicago Pitts threshing machine separator, all complete except the whiffletrees and short main belt; also, one four-wheel mounted horse-power, also manufactured by Chicago Pitts Co.—all the property of Norman C. Thompson, which for a valuable consideration I agree to deliver to said Norman C. Thompson, or his attorneys Corn and Royce, or their agents, in good condition, at any time they may demand the same.

(Signed)　　　J. F. WILLIAMS."

Defendant contends that this paper is a mere receipt, which is only *prima facie* evidence, and open to explanation; while plaintiff contends that it is a written contract which is conclusive upon the parties. Obviously it is something more than a receipt, and so far as it is more than a receipt it is as conclusive as any other written contract. In 1 Greenleaf on Evidence, § 305, the rule is thus stated:

"In regard to *receipts*, it is to be noted that they may be either mere acknowledgments of payment or delivery, or they may also contain a contract to do something in relation to the thing delivered. In the former case, and so far as the receipt goes only to acknowledge payment or delivery, it is merely *prima facie* evidence of the fact, and not conclusive; and therefore the fact which it recites may be contradicted by

oral testimony. But in so far as it is evidence of a contract between the parties, it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol. Thus, for example, a bill of lading, which partakes of both of these characters, may be contradicted and explained in its recital that the goods were in good order and well-conditioned, by showing that their internal order and condition was bad, and in like manner, in any other fact which it erroneously recites; but in other respects it is to be treated like other written contracts."

See also the authorities cited in the note, especially the case of *Langdon v. Langdon*, 4 Gray, 186, which is very strongly in point. In that case it appears that the payee of a nonnegotiable note for $120 delivered it to a third person, and took back the following writing: "Received of A, a note, [describing it,] for which I am to collect and account to the said A the sum of $110, when the above note is collected, or return said note back to said A, if I choose;" and it was decided that parol evidence offered to show that the note was held on other and different terms, was rightly excluded. See also *Bemis v. Becker*, 1 Kas. 240.

This writing, therefore, conclusive as against parol evidence, proved a contract of bailment between the parties. Under such a contract the general doctrine is, that the bailee cannot set up title in a third party, and *a fortiori* in himself, to preserve his own possession and to prevent a return of the property to the bailor. He is estopped to deny his bailor's title, even as a tenant his landlord's. (See *The Idaho*, 93 U. S. 575.) Indeed, as appears from the opinion of Mr. Justice Strong in that case, it has been a disputed question as to whether the bailee could defend against an action of the bailor, for conversion by proof that he had delivered the property to the true owner, though it seems to be now pretty well settled that he can. Whatever exceptions may exist to the general doctrine as above stated, this case comes within none of them. We conclude, therefore, that upon the face of the contract the plaintiff was entitled to the possession. (Edwards on Bailments, 84; 1 Bacon's Abr. 369; *Vosburgh v.*

*Huntington,* 15 Abb. Pr. 254; *Simpson v. Wren,* 50 Ill. 222; *Kelly v. Patchell,* 5 West Va. 585; Story on Bailments, §§ 97 to 110.)

Doubtless such written agreement, like any other contract, may be avoided for fraud, but in the absence of proof of fraud it is conclusive upon the rights of the parties, and cannot be overthrown by any mere parol evidence of a different agreement between them, or that defendant was at the time himself the owner of the property.

Looking at the instructions, they are misleading in not presenting fully and clearly the effect of this written agreement. The court should have instructed directly that it was conclusive between the parties, unless overthrown by proof of fraud. On the contrary, the court seemed to think that it could be overthrown by evidence that the defendant was in fact the owner at the time of its execution. Thus it instructed in these words:

"Should you, however, believe after considering all the evidence and circumstances in this case, that the defendant did purchase the threshing machine in question in good faith and prior to the attachment thereof at the suit of the plaintiff, and that the defendant was the owner thereof at the commencement of this action, then you will find for the defendant."

Again, in reference to the instrument itself, it gave this instruction:

"The court instructs the jury that, if they believe from the evidence that the receipt given by the defendant, Williams, was obtained through false and fraudulent representations of plaintiff's attorney, or extorted from him by threats and intimidation from which he was induced to sign the same, and that otherwise he would not have signed the same, then it may be disregarded by the jury."

Now turning to the testimony, and there is not the slightest basis for any suggestion of threats or intimidation. The most that can be said is, that there was some evidence that the plaintiff's attorney obtained the signature of the defendant to the writing by falsely and fraudulently representing to him that it would have no effect upon his rights.

. We might perhaps notice some other matters in the instructions; but what we have said is enough to indicate the general scope of the error, and to guide in the new trial which must be awarded. The two principal propositions are, that a bailee cannot set up title in himself to defeat the claim of his bailor, and that the written instrument is a contract which is conclusive as to the rights of the parties, until set aside by proof of fraud.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.