## W. A. ALLEN *et al.* v. F. P. GARDNER.

1. REPLEVIN — *Review* — *Bailee.* Where, in a suit in replevin, the action is tried upon the theory that the property was in the possession of the defendants, and the trial court so finds, and such finding is unchallenged, this court will not consider the question of the right of the plaintiff to maintain such action because he may have been a bailee of the property in controversy.

2. EVIDENCE *as to Signature.* Where the trial court permits a witness, over the objection of the defendants, to write his signature in the presence of the jury, for their inspection and comparison with a signature to a chattel mortgage which is claimed to have been forged, and afterward, upon cross-examination, the defendants ask the witness to stand up and write his name in the presence of the jury, and then offer the same in evidence, *held,* that the defendants cannot now complain of such evidence.

*Error from Pottawatomie District Court.*

REPLEVIN. Judgment for plaintiff, *Gardner,* at the May term, 1888. The defendants, *Allen* and another, bring the case here. The opinion states the facts.

*W. F. Challis,* and *Thos. A. Fairchild,* for plaintiffs in error.

*D. V. Sprague,* for defendant in error.

Opinion by GREEN, C.: This was an action in replevin, commenced in the district court of Pottawatomie county by the defendant in error, to recover certain cattle. It seems from the evidence that John Wall was indebted to the plaintiffs in error in the sum of $500, which had been secured by a chattel mortgage. On the 16th day of August, 1887, Wall executed a renewal note for such indebtedness in the sum of $624.35, and, it is claimed by the plaintiffs in error, at the same time secured the same by giving a chattel mortgage upon the cattle in controversy. It was claimed by the plaintiff below that he purchased these cattle of Wall on the 18th day of November, 1887. On the 17th day of February, 1888, the plaintiffs in error, through C. E. Morris as their agent, went

to the premises of the defendant in error and took possession of the cattle, but left them in the custody of the defendant in error, upon his executing a paper of which the following is a copy:

"REDELIVERY BOND.

"Whereas, on the 17th day of February, 1888, came W. A. Allen and son, by their agent, C. E. Morris, sheriff of Pottawatomie county, with a certain chattel mortgage given by John Wall to W. A. Allen & Son on 74 head of cows and calves, to secure the payment of a certain promissory note for $624.35, the same being past due and unpaid, now the said Morris takes possession of 29 head of cows and 30 head of yearlings and two-year-olds next spring; and whereas I, C. E. Morris, turned said cattle over to F. P. Gardner to keep for him, the said F. P. Gardner agrees to deliver to the said Morris, on demand, the above-named cattle, or pay him $775, or enough thereof to pay the above-named note and all costs that may accrue.          (Signed)      F. P. GARDNER,
                                     D. R. ROUNDTREE."

The defendant in error afterward demanded possession of the cattle from Morris, which was refused, and on the 2d day of March, 1888, commenced this action. The plaintiffs in error answered by general denial, and alleged that they had a special ownership in the cattle by virtue of a chattel mortgage. The plaintiff below denied the execution of this chattel mortgage. A trial was had before a jury, and a verdict and judgment rendered in favor of the plaintiff below for a return of the property. The plaintiffs in error ask a reversal, for two reasons: First, that the plaintiff below was estopped from claiming title to the stock as against the defendants, under the agreement entered into; that the instructions of the court failed to present the effect of this contract, and that the instruction upon such contract was erroneous; second, that the trial court erred in allowing a witness to write his name in the presence of the court and the jury and admitting the same as evidence. Upon the trial of the case, the real controversy seemed to have been the question of the genuineness of the chattel mortgage under which the plaintiffs in error claimed title to the cattle. The evidence was mainly directed

to that one question.   It was in evidence that the plaintiff below signed an agreement with the sheriff to keep the stock until the question of the ownership was settled.   We cannot tell from the record who obtained possession of the property, but it does appear from a finding of the court. that at the commencement of the action the property described in the petition was in the possession of the defendants, and that they still retained such possession at the time the verdict was rendered; and the judgment of the court was, that the plaintiff should have a return of the property replevied in the action, then in the possession of the defendants, or in default thereof, a money judgment for $1,185 and costs.   There was no objection to the finding of the court as to the possession of the stock.   Upon this state of facts, we do not think any material error was committed by the trial court in sustaining the verdict of the jury.   The case seemed to have been tried by both parties upon the theory that the defendants below had the possession of the stock, and the court so found, and we do not feel justified in disturbing such finding now.   It is true as a general rule that a bailee receiving goods from his bailor cannot set up title in himself at the time of the bailment for the purpose of defeating a recovery by the bailor; (*Thompson v. Williams*, 30 Kas. 114;) but that question was not properly raised in the court below, and we do not think it should be now considered here for the first time.

The court instructed the jury that if the plaintiff willingly surrendered the cattle to the defendants, believing that they were being taken under the chattel mortgage, he would be estopped from afterward setting up any claim of ownership to the cattle; but if the jury should believe at the time he did surrender the cattle he believed that the agent of the defendants was taking the property under a legal process, and also surrendered them because he believed that the agent of the defendants was taking them as sheriff, then the plaintiff would not be estopped from setting up an ownership to the cattle after that time.   We think, in the light of all the facts sur-

rounding the case, this instruction was a proper one for the jury.

The second assignment of error is, that the court permitted John Wall, over the objection of the defendants, to write his name in the presence of the jury, for their inspection and comparison with the signature to the chattel mortgage which the plaintiff claimed was forged. This became harmless error by the subsequent cross-examination of this witness. The witness was asked to write his name upon a table, standing, in the presence of the court and jury, and the signature so written was introduced in evidence by the defendants. Having adopted the same method as that of the plaintiff to test the genuineness of the witness's signature, we do not think the defendants can now be heard to complain of the introduction of such evidence. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.