DAVID COHEN ET AL. V. JOSEPH JACKOBOICE.

*Written contract—Order—Parol evidence.*

A written order for the insertion in a designated paper, published by the orderee, of an advertisement for a given time, at a stated price, which the orderer agrees to pay at a specified date, contains all the *indicia* of a contract, except that it is not executed by both parties, and parol evidence of a contemporaneous agreement that, if the advertisement did not suit, it could be discontinued at any time, is inadmissible to vary the terms of the order.

Case made from Kent. (Grove, J.) Submitted on briefs March 9, 1894. Decided July 10, 1894.

*Assumpsit.* Plaintiffs assign error. Reversed, and judgment entered for plaintiffs. The facts are stated in the opinion.

*William J. Stuart,* for appellants.

*Frank A. Rodgers,* for defendant.

McGRATH, C. J. Plaintiffs are publishers of the Lumber Worker. On September 10, 1891, defendant gave to plaintiffs the following written order:

"The LUMBER WORKER Co.,
        "Cincinnati, O.:
"Please insert my advertisement in the Lumber Worker 12 months, to occupy ⅛ page, for which we agree to pay you or order the sum of $24, payable quarterly.
                "JOSEPH JACKOBOICE."

After plaintiffs had published said advertisement for six months, defendant wrote them to discontinue the advertisement, and sent them the amount due to date. Plaintiffs continued the publication to the end of the year, and sued to recover the balance. The trial court held that the

writing did not constitute such a written contract as would exclude parol evidence of a contemporaneous agreement that, if the advertisement did not suit, it could be discontinued at any time.

In this we think the court erred. There is no ambiguity in this instrument. It is an order to insert an advertisement, to occupy a given space, for a given period, at a given price, and specifies when the price agreed upon shall be paid. It contains all the *indicia* of a contract, except that it was not executed by both parties. Defendant does not attempt to supply an omission in the instrument. He does not undertake to show any fraud or misrepresentation in matters of inducement. Although this instrument directs a publication for 12 months, he was allowed to show that he reserved the right, in case the advertisement did not suit, to discontinue it at any time. In other words, he was allowed to show, by parol, that he reserved a right inconsistent with the plain and express provisions of an instrument which could have no other office than as a contract, to be made effectual upon acceptance, and needing only such acceptance to give it all the force and effect of a contract. Suppose it had been written out by defendant, but it had not been signed by him, but had been delivered with like intent. There is no question of the statute of frauds here.

In *Farmer v. Gregory*, 78 Ky. 475, it was held that a writing evidencing the whole of an agreement between the parties, which has been delivered, accepted, and business transacted under it, although not signed, has the same force and effect as if it had been signed by the parties, as to being varied by parol.

The general rule is that a receipt is always subject to be explained, varied, or controlled by parol, but this is true only so far as it is such in fact as well as in name. Though a paper purports to be a receipt, still, if it in fact

contains a complete contract between the parties, to that extent it cannot be varied and contradicted by parol evidence.

In *Scott v. Whittemore*, 27 N. H. 309, it was held that a receipt given to an officer "for 100 bushels of rye, valued at $100," could not be explained by parol evidence to signify 100 bushels of rye unthreshed.

In *Bursley v. Hamilton*, 15 Pick. 40, Bursley, as deputy sheriff, attached certain property as that of one Nye, and defendant receipted for the goods as "this day attached by said Bursley, as the property of Isaiah Nye, taken at the suit of Averill, which goods and chattels I promise to deliver to said Bursley on demand." The court held that, by the receipt, defendant admitted that the property was attached as the property of another person, and promised to return it; that, in an action to enforce the promise, he was precluded by such admission from alleging property in himself; and that parol evidence was inadmissible so far as it was intended or would have the effect to vary, alter, or control the written contract, and to ingraft a defeasance or condition upon a contract absolute and unconditional. See, also, *Curtis v. Wakefield*, 15 Id. 437.

In *La Farge v. Rickert*, 5 Wend. 187, McNitt, as agent for La Farge, distrained Carpenter's property for rent. After distress, the agent agreed to buy of Carpenter sufficient property to satisfy the rent. Defendant consented, and signed a memorandum in writing, in the nature of a receipt, describing the property and prices, and concluding as follows: "All of which I promise to deliver to said La Farge on or before    *    *    *, or pay said La Farge the sum of," etc. The court held that, inasmuch as the law fixed the place of delivery as the creditor's residence, the written contract of the parties, according to the established rules of construction, had settled their rights and duties as to the place of delivery,

and it was improper to admit parol evidence of declarations before or at the time of the giving of the receipt to show that a different place had been selected.

In *Goodwin v. Goodwin,* 59 N. H. 548, the instrument was as follows:

"In consideration of $2,500, to me paid by Martha A. Goodwin, executrix of said will, I hereby waive all right to contest said will, or the proof thereof, and all claim I have or might have as heir of said deceased."

It was held that the instrument was of a double nature, and, in so far as it was a receipt, it was capable of explanation and contradiction with regard to any fact erroneously stated, but that in its main features it was more properly to be regarded as a contract made binding upon the plaintiff by his signature, and on the defendant by being delivered to and accepted by her; that in this aspect it could no more be varied or controlled by oral evidence than any other written contract between the parties; that if the document had one distinct meaning, in reference to the circumstances of the case, it must be construed accordingly, and evidence that the party executing intended to express some other meaning was not admissible.

In *Marks v. Mill Co.,* 43 Iowa, 146, it was held that the writing, although in form a receipt, expressed a contract of bailment, which could not be contradicted or varied by evidence of any custom or usage.

In *Alcorn v. Morgan,* 77 Ind. 184, it was held that a written lease, in form a receipt, but containing independent stipulations, must be regarded as a contract, and that parol evidence was admissible to vary or contradict the receipt, but was not to add to or take from the terms of the contract. To the same effect are *Squires v. Amherst,* 145 Mass. 192; *Carpenter v. Jamison,* 75 Mo. 285; *Young*

*v. Cook,* 15 La. Ann. 126; *Brown v. Brooks,* 7 Jones (N. C.), 93.

In *Wykoff v. Irvine,* 6 Minn. 496, certain bankers receipted for a sum "to be loaned out; we to account to him [the owner] for the principal and interest, less our charges, etc., not to exceed $2\frac{1}{2}$ per cent. per annum." Held, that parol evidence tending to show that the money was to be loaned for the period of six months, and that the brokers were to be liable for the amount and interest, would be in direct conflict with the terms of the receipt, and could not be admitted.

A bill of lading partakes of the nature of a receipt and a contract, and, so far as it partakes of the nature of a receipt, it may be explained or perhaps contradicted, but, to the extent that it defines the liabilities of the parties, it is subject to the same rules as other written contracts. *Chapin v. Siger,* 4 McLean, 379. The same rule prevails as to bills of sale or of parcels.

In *Thompson v. Williams,* 30 Kan. 114, it was held that while a writing which contains simply an acknowledgment of payment or delivery is only *prima facie* evidence of the fact, and may be contradicted by oral testimony, yet when, in addition to such acknowledgment, it contains an agreement to do anything in respect to the property delivered, then, as to this latter matter, it stands on the basis of any other written contract, and cannot be contradicted or varied by parol testimony.

In *Linsley v. Lovely,* 26 Vt. 123, it was held that, if a bill of sale expresses the contract of the parties, it cannot be controlled by parol evidence any more than any other written contract; but where the bill of sale simply stated that on a given day the defendant bought of the plaintiff certain articles, at given prices, held, that it did not import a contract, but was simply declaratory of the fact, and that the defendant could show the true contract

of the parties, consistent with those written declarations, by parol evidence. See, also, *Hazard v. Loring*, 10 Cush. 267; *Atwater v. Clancy*, 107 Mass. 369; *Perrine v. Cooley*, 39 N. J. Law, 449.

In *Millett v. Marston*, 62 Me. 477, an order for fruit trees was addressed to plaintiff, and signed by defendant only. The order directed plaintiff to deliver to defendant, at a given place, a specified number of fruit trees, of the various kinds mentioned, the heights of some of them being mentioned, but no other specification as to size, for which defendant promised to pay $121 when notified that they were ready for delivery. Defendant offered to show that it was agreed that the paper was only to be used as a memorandum of the number, kinds, and prices of the trees, and also to show what was to be the size of the trees according to the actual contract, and that he was to have the right to examine them upon arrival, in order to determine whether or not they were such as the contract required. The trial court excluded this testimony, and the ruling was affirmed. The court say:

"The parol evidence offered by the defendant, and excluded by the presiding justice, goes to show that the contract duly executed, and upon its face intelligible, unambiguous, reasonable, and precise, is incomplete, and was only designed as a basis or outline of a contract, to be subsequently filled up with other independent stipulations and requirements. It is obvious that written instruments would soon come to be of little value if their explicit provisions may be varied, controlled, or superseded by such evidence. It is plain, also, that to admit such evidence for such purposes would be greatly to increase the temptations to commit perjury, already quite too prevalent in jury trials."

It will be observed that the test applied in these cases is not whether the instrument is complete in and of itself, and sufficient to bind both parties, but rather, does it, upon its face, indicate an intention to embody the elements

of an engagement, and does it in fact import a legal obligation, without uncertainty as to the object or extent of the engagement? Is it complete as respects the thing bargained for, the price, time of payment, etc.? Does it lack in essential details? Is it definite upon the question in dispute?

One of the early cases is that of *Allen v. Pink*, 4 Mees. & W. 140, where plaintiff negotiated with defendant for the purchase of a horse. Defendant agreed that, if the horse did not work well or go quietly in harness, plaintiff might return the horse, and get his money back. Plaintiff bought the horse for 7£. 2s. 6d., which sum was paid, and defendant executed the following receipt: "Bought of G. Pink a horse for the sum of 7£. 2s. 6. G. Pink." Plaintiff returned the horse, and sued to recover the money paid. The court held that the general rule is that—

"If there has been a parol agreement, which is afterwards reduced by the parties into writing, that writing alone must be looked to to ascertain the terms of the contract; but the principle does not apply here. There was no evidence of any agreement by the plaintiff that the whole contract should be reduced into writing by the defendant. The contract is first concluded by parol, and afterwards the paper is drawn up, which appears to have been meant merely as a memorandum of the transaction, or an informal receipt for the money, not as containing the terms of the contract itself."

Mr. Greenleaf (1 Ev. § 275) says:

"By 'written evidence,' in this place, is meant not everything which is in writing, but that only which is of a documentary and more solemn nature, containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions.   *   *   * When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the *whole* engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral

testimony of a previous *colloquium* between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, 'parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.'"

The language of some of our own cases upon this subject is not altogether clear. The first of these cases is that of *Phelps v. Whitaker*, 37 Mich. 72. Suit was brought upon an order for a windmill. It will be borne in mind, however, that defendant pleaded the general issue, and gave notice of proof that his signature to the order was obtained by false and fraudulent representations. Parol evidence is always admissible, however solemn and complete the instrument, to show fraud or deceit at the inception of the instrument, when properly pleaded. Mr. Justice MARSTON cites in support of the rule laid down the cases of *Whiting v. Hill*, 23 Mich. 399; *Trevidick v. Mumford*, 31 Id. 467; *Ochsenkehl v. Jeffers*, 32 Id. 482; *Doty v. Martin*, 32 Id. 462; and *Miller v. Barber*, 66 N. Y. 558. The Whiting case, the Ochsenkehl case, and the Miller (New York) case were actions for fraud and deceit. In the Trevidick and Doty cases the Court held that the instruments executed were incidents of transactions involving other collateral agreements, the terms of which would not either naturally or necessarily enter into the written instruments. The same question was involved in *Bird v. Pope*, 73 Mich. 483.

*Richards v. Fuller*, 37 Mich. 161, was the case of a mere naked assignment, "for a valuable consideration," of a contract for logs, and the question arose as to a warranty of quality. The same principle was asserted in *Sirrine v. Briggs*, 31 Mich. 443.

In *Weiden v. Woodruff*, 38 Mich. 130, defendant had

given a written order for lightning rods, which order was countermanded before acceptance. The Court were clearly right in holding that the order was not binding until it had been accepted, and was therefore subject to countermand.

In *Nichols, Shepard & Co. v. Crandall*, 77 Mich. 401, defendant attempted to add to an express warranty contained in the order, and the Court held the evidence inadmissible.

In *National Cash Register Co. v. Blumenthal*, 85 Mich. 464, defendant sought to show a contemporaneous verbal agreement that he was to have five days in which to try the machine, and, if not satisfactory, he might return it. The Court held that the testimony was properly excluded.

In *Palmer v. Roath*, 86 Mich. 602, it was held that evidence might be given of the representations of a manufacturing agent as to the kind, character, and condition of an engine ordered of the company, *which did not vary or contradict the description* in the order. See Chamberlayne's Best, Ev. (Internat'l ed.) 221, as to proof of subject-matter.

In *Aldine Press v. Estes*, 75 Mich. 100, the facts are complicated. Mr. Justice CAMPBELL, speaking for three members of the Court, says: "The testimony was not so much to vary a contract as to show that there never was any final contract;" and this, not because the order was signed only by defendant, but because it expressly provided that it should be regarded only as a business letter, and was subject to acceptance by the principal. It was claimed that it had been countermanded; that no notice of its acceptance had been received; and that defendant had authorized no one to bind him by procuring its acceptance except on condition of retaining the right of countermand.

In *Wood Machine Co. v. Gaertner*, 55 Mich. 453, the

101 MICH.— 27.

Court held that a correct understanding of the instrument could hardly be obtained unless the facts sought to be proven were brought out. No different rule of law is announced in that case, but, if open to any criticism, it is as to the construction placed upon the terms of the instrument.

In *Bronson v. Herbert*, 95 Mich. 478, defendant insisted that the order for stock was given in pursuance of an agreement made with one Essig, whom defendant supposed to be acting for plaintiff, to set out fruit trees on 40 acres of land; that certain other trees had been furnished under such agreement, which trees were worthless; and that, although Bronson was nominally plaintiff, Essig was the real party in interest. The evidence tended to show very clearly that the later order was not intended as a separate contract embracing the entire agreement between the parties, but that it was a mere incident of a contract covering the entire subject-matter.

In none of these cases, except perhaps the last, is the admissibility of parol testimony made dependent upon the fact that the instrument was signed by one party only. The language used in some of the cases is based upon a misapprehension as to the issue in *Phelps v. Whitaker*.

The instrument in the present case is more than a mere memorandum. It has all the elements of an agreement, and the admission of parol testimony tending to contradict terms which are plain and explicit was erroneous.

The judgment must be reversed, and judgment entered here for plaintiffs, with costs of both courts.

The other Justices concurred.