ENSIGN PAINTING COMPANY *v.* ALFRED A. SMITH, INC.

1. EVIDENCE—PAROL EVIDENCE—CONTRACTS.

    Parol evidence rule was not properly applied where trial judge rejected plaintiff's proffered evidence that, upon receipt of defendant's purchase order for painting a building, he called defendant and objected to the inclusion of interior painting work and that, as a result of this oral negotiation, the original oral agreement for painting the exterior only was confirmed.

2. EVIDENCE—PAROL EVIDENCE—CONTRACTS.

    Under the parol evidence rule, a writing that has been adopted as the complete integration of the terms of a contract may not be varied by evidence of negotiations or understandings that preceded its adoption.

3. EVIDENCE—PAROL EVIDENCE—ACCEPTANCE—ORAL MODIFICATION.

    Parol evidence may be introduced to show that an unsigned document was not accepted or that it was orally modified before it was orally accepted or performance was rendered just as parol evidence may be offered to prove that the signature on a writing is a forgery and to show that a purchase order or other document was sent by one party to another and that the recipient later rendered the performance required by the document.

4. EVIDENCE—PAROL EVIDENCE—CONTRACTS—ORAL REJECTION—ORAL MODIFICATION—PERFORMANCE.

    Plaintiff had the right to introduce testimony that, before any performance was rendered, the terms of a purchase order it received from defendant were orally rejected or modified by mutual agreement of the parties on the same principle which permits the establishment by parol testimony of the facts

---

REFERENCE FOR POINTS IN HEADNOTES

[1-7] 30 Am Jur 2d, Evidence § 1016 *et seq.*

that a purchase order was sent by defendant to plaintiff and that plaintiff rendered performance required by the purchase order which facts defendant claimed established that the purchase order became a contract.

5. Evidence—Parol Evidence—Contracts.

Parol evidence may be introduced for purposes of proving to a court which of two alleged agreements was the actual contract of the parties as the very testimony that the parol evidence rule is supposed to exclude is frequently, if not always, necessary before a court can determine that the parties have agreed upon the writing as a complete and accurate statement of terms and, paradoxically, the evidence that the rule seems to exclude must sometimes be heard and weighed before it can be excluded by the rule.

6. Contracts—Oral Contract—Purchase Order—Question of Fact.

Question of whether an oral contract was entered into before and reaffirmed during conversations that took place after receipt by the plaintiff of a purchase order was factual and to be resolved by the trier of fact.

7. Contracts—Evidence.

A contract, in legal contemplation, is neither written nor oral, but oral or written evidence may be received to establish the terms of a contract between the parties.

Appeal from Court of Appeals, Division 2, Fitzgerald, P. J., and Levin and T. M. Burns, JJ., affirming Oakland, Arthur E. Moore, J. Submitted May 7, 1971. (No. 28 April Term 1971, Docket No. 52, 825.) Decided July 7, 1971.

21 Mich App 494 reversed.

Complaint by Ensign Painting Company against Alfred A. Smith, Inc., for money due under a contract. Judgment for plaintiff with a set-off to defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded.

*Nelson S. Shaperd,* for plaintiff.

*Gilbert H. Davis,* for defendant.

T. G. KAVANAGH, J.  Plaintiff contracted to paint a building which had been erected by defendant.

The oral negotiations contemplated exterior painting only but the purchase order for the agreed price issued subsequent to these negotiations included interior painting.

The exterior painting was completed and the plaintiff paid for his work.  Later, another purchase order for "additional work" was issued to plaintiff and he did some of it.

Plaintiff brought suit to collect for this work and defendant refused payment on the ground that it was to have been included in the original contract.

The trial court, sitting without a jury, found that a contract resulted from the oral negotiation, but the first purchase order under which the work was done superseded it and represented the whole agreement between the parties.  He held that under it plaintiff was obliged to do the interior painting and refused to allow his claim therefor on the second purchase order.

He rejected plaintiff's proffered evidence that upon receipt of the purchase order he called the defendant and objected to the inclusion of the interior work and that as a result of this oral negotiation the original agreement was confirmed.

The court based his ruling on the theory that to admit such evidence would violate the parol evidence rule, and consequently concluded the written purchase order was the contract between the parties.

The Court of Appeals affirmed, Judge LEVIN dissenting, and the question on appeal is whether the

trial judge correctly applied the parol evidence rule.

We hold he did not for the reasons set forth by Judge LEVIN in his dissenting opinion 21 Mich App 494 pp 507–509:

"Under the parol evidence rule, a writing that has been adopted as the complete integration of the terms of a contract may not be varied by evidence of negotiations or understandings that preceded its adoption.[2] The testimony offered by the plaintiff did not, however, seek to vary the terms of the purchase order.[3] Rather, it was the plaintiff's contention that the defendant's purchase order, neither signed nor accepted in writing by the plaintiff, never became a contract.

"Just as parol evidence may be offered to prove that the signature on a writing is a forgery and to show (as in this case) that a purchase order or other document was sent by one party to another and that the recipient later rendered performance required by the document, so, too, parol evidence may be introduced to show that an unsigned document was not accepted, or that it was orally modified before it was orally accepted or the performance was rendered.

"In this case the facts that a purchase order was sent by the defendant to the plaintiff and that the plaintiff rendered performance required by the purchase order, which facts defendant claims establish that the purchase order became a contract, were all established by parol; on the same principle which

"[2] 3 Corbin on Contracts, § 573, p 357."

"[3] *Cf. Brady* v. *Central Excavators, Inc.* (1947), 316 Mich 594, 608 *et seq.,* and *Massachusetts Bonding & Insurance Co.* v. *Transamerican Freight Lines, Inc.* (1938), 286 Mich 179, recognizing that evidence offered to show that a writing purporting to represent the contract of the parties was not intended by them to constitute a complete integration of all their understandings may be admitted because such evidence does not seek to vary the terms of the writing but rather to establish that it does not constitute a *complete* integration of the *entire* contract."

permits those facts to be proved testimonially, the plaintiff had the right to introduce testimony that before any performance was rendered the terms of the purchase order were orally rejected or, by mutual oral agreement of the parties, modified.

"In *Canvasser Custom Builders, Inc.* v. *Seskin* (1969), 18 Mich App 606, the applicable principle was clearly stated by our Court (p 611):

" '[I]t is an equally well-entrenched rule that parol evidence may be introduced for purposes of proving to the Court which of the two alleged agreements was the actual contract of the parties. This seemingly paradoxical situation is explained in 3 Corbin on Contracts, § 582, p 450, which states:

" ' "The very testimony that the ' "parol evidence rule" ' is supposed to exclude is frequently, if not always, necessary before the court can determine that the parties have agreed upon the writing as a complete and accurate statement of terms. The evidence that the rule seems to exclude must sometimes be heard and weighed before it can be excluded by the rule."

" 'See, also, 9 Wigmore, Evidence, § 2430(2).' [Footnote omitted.]

"This controlling principle was also applied in *Tuuk* v. *Andersen* (1969), 21 Mich App 1. There, as here, the defendant relied on a writing not signed by the plaintiff and plaintiff's rendition of performance required by the writing after its receipt. We held that the trial judge ruled correctly when he allowed the plaintiff to testify that before he rendered performance the parties had entered into a separate oral agreement concerning the subject matter of the writing.

"It is entirely true that if the plaintiff in this case had rendered performance required by the purchase order without objecting to its provisions plaintiff might be found thereby to have accepted the provisions of the purchase order.[5] By failing to object

---

"[5] See, 1 Corbin on Contracts, § 70, p 288."

the plaintiff might be deemed to have agreed that the purchase order superseded any earlier oral contract. But the plaintiff's representative testified—without contradiction by the defendant—that he did object, and that when he did so the defendant's representative agreed that the objected-to provision of the purchase order would not supersede the alleged earlier oral contract, and, in that regard, the oral contract would govern. It is that testimony, no reference to which is made in the majority opinion, which distinguishes this case from *Cohen* v. *Jackoboice* (1894), 101 Mich 409, on which the majority rely.

"It is, of course, a factual question to be resolved by the trier of fact whether an oral contract was entered into before, and reaffirmed during conversations that took place after, receipt by the plaintiff of the purchase order."

In the context of this case it should be kept in mind that "a contract, in legal contemplation, is neither written nor oral, but oral or written evidence may be received to establish the terms of a contract between the parties". 17 CJS, Contracts, § 9, p 580.

Reversed and remanded to the trial court for consideration of plaintiff's proffered evidence.

Plaintiff may tax costs.

T. M. Kavanagh, C. J., and Black, Adams, T. E. Brennan, Swainson, and Williams, JJ., concurred with T. G. Kavanagh, J.