### HUBERT WEIDEN v. ISAAC WOODRUFF.

*Order for Goods—Parol Evidence to Modify Written Contracts.*

Assumpsit was brought on the following instrument: "[Date and address] You will please send me galvanized lightning rods for my house within sixty days, for which I will give you thirty-five cents per foot, due when work is completed. [Signature.]" *Held* that this was only an order which the maker, until notified of its acceptance, could withdraw, and which bound neither party until accepted; and that the rule excluding parol evidence to modify written contracts did not apply to it so as to exclude evidence of oral agreements entered into when the order was given.

Error to Kent. Submitted October 23, 1877. Decided January 15, 1878.

ASSUMPSIT. The facts are in the opinion.

*J. W. & O. C. Ransom* (on brief) for plaintiff in error.

*Grove & Thompson* and *T. B. Church* (on brief) for defendant in error.

MARSTON, J.   Defendant in error sought to recover in an action of assumpsit upon the following instrument:

"GRAND RAPIDS, Sept. 14, 1874.

Messrs. Isaac Woodruff & Co., General agents of the Pharos Lightning Rod Company, Grand Rapids, Mich.— You will please send me galvanized lightning rods for my house within sixty days, for which I will give you thirty-five cents per foot, due when work is completed.

H. WEIDEN.

Ten per cent. discount to be given on whole amount."

Plaintiff proved that under this order he had delivered 206 feet of lightning rod.

Defendant claiming that this written instrument did not constitute a complete binding contract between the parties, offered to prove the conversation between plaintiff's agent and defendant at the time this order was given; that defendant reserved the right to countermand the order at any time within the sixty days; that he did in fact within that time, and before any of the rod was delivered, actually countermand the order; and he farther offered to prove that at the time the order was given the number of feet of rod to be delivered was agreed upon.   This evidence was all objected to and excluded, and plaintiff recovered judgment for the amount claimed.

I.  This written order did not constitute such a written contract between the parties as would exclude parol evidence, or prevent the defendant from showing any further agreement entered into between the parties at the time the order was given, and not embraced therein. *Richards v. Fuller*, 37 Mich., 161; *Phelps v. Whitaker,* id., 72, and cases there cited.

II.  This instrument was but a mere order.   Woodruff was not bound by it in any way to deliver any rod.   Until accepted by him it was not binding upon either

party.  Woodruff testified that he passed upon all orders taken by his agents; if he considered the parties good he delivered the orders, and that if he doubted the responsibility of the party who gave the order, he had the right to reject it.   Under such circumstances, it is preposterous to say that there was a valid binding contract between the parties before Woodruff had accepted the order, and in some way notified the defendant of that fact.   Even independent of such testimony, before an actual acceptance and notice thereof, the defendant had the right to withdraw his order.   It is similar to an order given a merchant for goods, which before acceptance the party would have a right to withdraw. 1 Parsons on Con. [5th ed.], 483.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.