WALTER A. WOOD MOWING & REAPING MACHINE CO. v. FRED GAERTNER.

*Written contract—Proof of additional consideration.*

It is proper to show, in defense to an action for the price of a machine which has been ordered under the terms of a written instrument by which defendant agreed to pay a specified consideration and which provided for a test, that it was understood when the order was given, and was part of the consideration, that plaintiff should furnish a man to set up the machine, and that it was his usage to do so.

Error to Monroe. (Joslyn, J.) Oct. 23.—Jan. 7.

ASSUMPSIT. Defendant brings error. Reversed.

*I. R. Grosvenor* for appellant. Contracts are to be interpreted in the light of circumstances, and even when they are written, evidence of parol understandings that do not conflict with, but explain them, is admissible: *Richards v. Fuller* 37 Mich. 163; *Ferris v. Wilcox* 51 Mich. 108; 2 Pars. Cont. 553; 1 Greenl. Ev. 120, 316, 324; *Atwood v. Gillett* 2 Doug. (Mich.) 206; *Picard v. McCormick* 11 Mich. 68; *Facey v. Otis* id. 213; *Rowe v. Wright* 12 Mich. 289; *Bowker v. Johnson* 17 Mich. 42; *Lingham v. Eggleston* 27 Mich. 324; *Sirrine v. Briggs* 31 Mich. 443; *Trevidick v. Mumford* id. 467; *Doty v. Martin* 32 Mich. 462; *Hopkins v. Sanford* 41 Mich. 243; *Gillett v. Bowman* 43 Mich. 477; *Wetmore v. Pattison* 45 Mich. 439; *Wood Machine Co. v. Smith* 50 Mich. 565; *Spaulding v. Coon* id. 623; *Bush v. Sprague* 51 Mich. 52.

*Willits & Critchett* for appellee. Particulars outside of a written contract and agreed to verbally cannot be shown: *Stange v. Wilson* 17 Mich. 342; and where parol testimony

is admissible there is no written agreement that purports to
show the guarantees of both parties: *Quimby v. Vanderbilt*
17 N. Y. 306.

SHERWOOD, J. This action was brought to recover the
contract price of a twine self-binding harvester, under an
order of which the following is a copy:

"WALTER A. WOOD MOWING & REAPING MACHINE CO.,

80 *Taylor Street, Chicago, Ill.*

I hereby order one Walter A. Wood Twine Self-binding
Harvester, 5 feet 6 inches cut, to be delivered at Petersburgh,
Mich., care of O. H. Russell, on or before July 15, 1883, for
which I agree to pay you the sum of $78 in Junior Reaper,
and in manner as follows: The balance, $147 cash, with
freight from Petersburgh, on or before September 25, '83,
with interest at 7 per cent. per annum from the date of de-
livery of machine or commencement of harvest. If paid on
or before maturity no interest to be paid.

WARRANTY. This machine is warranted to be well made
of good materials, and with proper management capable of
cutting and binding in a workmanlike manner, doing the
binding at least as well as is usually done by hand. The
purchaser shall be allowed one day's use to give the machine
a fair trial, and if it should not work well immediate written
notice must be given to the agent from whom it was pur-
chased, and reasonable time allowed to get to it and remedy
the defects, if any (the purchaser rendering necessary and
friendly assistance), when, if it cannot be made to do good
work, it shall be returned to the place where received free
of charge, and the payments of money or notes will be
refunded. Failure to give notice as above shall be deemed
conclusive evidence that the machine fills the warranty,
whether it is kept in use or not.

[Signed]                        FRED. GAERTNER, Purchaser."

The declaration was special upon this instrument, with
the common counts added. Plea, general issue. The case
was tried before the court without a jury, and under special
findings of fact and law judgment was rendered against the
defendant for the sum mentioned in the order, and interest.
The case comes before us on error, the record containing
apparently all the testimony and the findings of the circuit

judge. It is unnecessary for us to consider the findings further than to ascertain what judgment was rendered. The court held upon the trial in admitting the testimony that no agreement made or understanding had between the parties at the time the order was given, could be shown, upon the ground that it would be varying the terms of the written contract. This ruling might very easily prevent showing the entire failure of the consideration upon which the order was given for the machine, and thereby defeat the very contract which was made for its purchase and which constitutes the ground of defense in the case. The law will not tolerate such injustice.

In this case the defendant proposed to prove that it was a part of the consideration for which the order was given, that this plaintiff should, at the time of the delivery of the property ordered by defendant, furnish a man to set up the machine and make it work in the manner prescribed in the order. This the court refused to permit, and the defendant excepted. This was error. Defendant also proposed to show that it was the custom of the company, on all sales of such machines by plaintiff, to furnish such a man and do such work. This was also refused by the court. We think this was error. If such was the fact it constituted a part of the contract, and a correct understanding of the same could hardly be obtained without that condition in some way appearing. The above facts were proposed to be proved in connection with the fact that the company failed to perform its agreement in that regard. We think the case falls within the rule laid down by this Court in *Phelps v. Whitaker* 37 Mich. 72, and in *Weiden v. Woodruff* 38 Mich. 130.

The judgment must be reversed and a new trial granted.

CAMPBELL and CHAMPLIN, JJ. concurred.

COOLEY, C. J. concurred in the result.