### Calvin R. Corbin et al., Partners under the Name of Corbin, May & Co., v. J. J. Speeter.

1.  CONTRACTS—*Where a Written Order for Merchandise is Not.*—A written order for the shipment of merchandise at a specified time, upon terms named, delivered to a merchant or his agent, creates in itself no obligation upon such merchant unless he accepts the order without qualification, as the element of mutuality is wanting.

Assumpsit, for a breach of contract. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed January 15, 1901.

HOYNE, O'CONNOR & HOYNE, attorneys for appellants.

No appearance by appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

In this suit appellee seeks to recover damages for an alleged breach of contract.

A traveling salesman in the employ of appellants called on appellee at his store in St. Charles, Minnesota, and took an order for a quantity of tea. This order is dated May 31, 1898, and is, in part, as follows:

"Order No. ——. Send to J. J. Speeter. Place — St. Charles, Minn. How ship—C. & N. W. R. R. Terms—Regular. Ship about August 1st, 1 H–C Japan tea, Tycoon, 3rd grade, 26½."

Then follow three additional items describing other teas in the same manner, with figures similarly attached, apparently intended to represent the price per pound, although the order itself does not expressly so state. It is signed "J. C. Peterson, for Corbin, May & Co." A copy was retained by appellee. It is stated by Peterson that the order was taken subject to the firm's approval; and he testifies in substance that he mentioned to appellee before the order was written out, that if an additional duty was imposed by Congress pending the delivery of the tea, it would probably have to be added to the price mentioned. In this he is contradicted by appellee. July 30th following, appellants addressed a letter to appellee, saying:

"We have an entry on our books for 4 H–C of Tycoon tea to be shipped August 1st. Of course you understand that there is a tariff of ten cents to be added to the prices named when bought, and even with that added, you are saving from one to three cents per pound on our present quotations."

Appellee replied, demanding shipment of the tea at the price he ordered at, which was refused. He then bought the same tea in the open market, at an extra expense of fifty and one-half dollars. Subsequently he ordered from appellants, by mail, other tea of the value of about twenty dollars, which was sent. He refused to pay for it, claiming that appellants owed him on account of the former order. Judgment was rendered in his favor for about the amount claimed, less the price of the tea which he had received but not paid for. From that judgment this appeal is taken. Appellants insist that there was here no contract consummated between the parties.

The testimony of the salesman, Peterson, is that orders by him taken were subject to the approval of his employers, and that they instructed him that all orders for tea were to be subject to any duty Congress might levy at its pending session. In this he is not contradicted. The testimony undoubtedly tends to show that his authority as agent was in fact limited to soliciting orders, which his employers were at liberty to accept or reject as they might deem proper. In the absence of evidence to the contrary such would probably be the construction of the authority of such salesmen. The danger of allowing a mere traveling salesman, without express authority, to make contracts absolutely binding his employer to deliver goods, regardless of the amounts, or the credit of the parties purchasing, is obvious. But the written order in the present case lacks the elements necessary to constitute a contract. It purports on its face to be an order and nothing more. It is not even signed by appellee. Prior to acceptance by appellants, he would have been at liberty to countermand it. (See Weiden v. Woodruff, 38 Mich. 130.) The signature to it by Peterson " for Corbin, May & Co.," is apparently nothing more than a statement that the order was taken for that firm. It never was unconditionally accepted. The goods were to be delivered in August. Before that time appellee received a letter stating that the tariff would have to be added to the prices named in the order if the latter was to be honored.

There was no mutual agreement, no meeting of the minds of the parties so as to constitute a contract. The case of Manier v. Appling, 112 Ala. 663 (668), cited by appellants' counsel, is in point, and the reasoning of the court in that case is applicable to the facts here. We deem it unnecessary to review other points suggested in appellant's brief. The judgment of the Superior Court is reversed and the cause remanded. Reversed and remanded.