R. K. CARTER & CO. *v.* WEBER.[1]

1. PLEADING — NOTICE OF SPECIAL DEFENSE — GENERAL ISSUE — EVIDENCE ADMISSIBLE.

In an action on a written contract of employment, evidence that when the contract was entered into, both before and after defendant signed the same, plaintiff's vice-president informed defendant that, unless the latter made a saving of $5,000 under the contract, he would not be required to pay the consideration agreed on, was not admissible under a plea of the general issue, without notice either to prove that the execution of the contract was procured by fraud, or that it tended to show that after the contract was made it was so modified that defendant was released from his obligation. Circuit Court Rule 7 *b*.

2. SAME — APPEAL FROM JUSTICE'S COURT.

Circuit Court Rule 7 *b* providing for notice of affirmative defense applies to suits originating in justice's court.

3. SAME — ESTOPPEL TO OBJECT.

The fact that plaintiff, declaring on a written contract, proves without objection the conversation attendant upon its execution, does not entitle defendant, who has given no notice of special defense, to show his version of the conversation, avoiding and contradicting the contract, nor estop plaintiff from objecting that such evidence introduces an issue not pleaded.

4. EVIDENCE — PAROL — WRITTEN CONTRACT.

A contract of employment, by which defendant agreed to pay plaintiff a salary of $25 per month for four months for keeping him posted on the state of the market and placing orders for goods to the best advantage, and, if the service was satisfactory, to continue the same for the balance of the year, purports to contain all the elements of the agreement, and hence parol evidence of a contemporaneous arrangement that, unless the contract operated as a saving to defendant of $5,000, he should not be bound, is inadmissible.

5. MASTER AND SERVANT — CONTRACT OF EMPLOYMENT — TRIAL — NOTICE TO DISCONTINUE.

The service proving unsatisfactory, defendant was not obliged

---

[1] Rehearing denied January 30, 1905.

to notify plaintiff thereof at the end of the four months' period or be bound for the balance of the year.

6. Same—Evidence—Inference.

Where, during the last three months of the four months such contract was in force, defendant neither obtained nor sought the benefit of the contract, plaintiff was bound to infer therefrom that the employment was unsatisfactory.

7. Same—Receipt of Letters.

Defendant's receipt and failure to answer written communications sent by plaintiff through the mails did not estop defendant from subsequently contending that the services were unsatisfactory, and hence that he was not bound for the additional term.

Error to Wayne; Donovan, J. Submitted November 17, 1904. (Docket No. 234.) Decided December 22, 1904.

Assumpsit by R. K. Carter & Company against Henry C. Weber on a contract of employment. There was judgment for defendant, and plaintiff brings error. Reversed.

*Anderson & Rackham*, for appellant.

*O. E. Angstman*, for appellee.

Carpenter, J. Plaintiff is a corporation organized under the laws of New Jersey. Its business is to make purchases for dealers in hardware throughout the country. Defendant is a hardware dealer in the city of Detroit. May 28, 1901, defendant signed and gave plaintiff this written order, which was dated September 1, 1901:

"We will pay you a salary of $25 per month for four months from date for keeping us posted on market change, placing orders we send you to our best advantage; attending to all and any business we may intrust to you. If this trial is satisfactory, we will continue for the balance of the year to September 1, 1902. Your services to be free from May 28 to September 1."

138 Mich.—37.

June 1, 1901, plaintiff gave defendant written notice of the acceptance of this order, and from June 1, 1901, to September 1, 1902, defendant received special weekly letters from plaintiff, stating the condition of the market, its probable immediate future, and prices on different kinds of hardware. Plaintiff, besides sending said weekly letters, placed all the orders sent by defendant except one (and defendant never complained of its failure to place this one), answered all his communications, and held itself ready to attend to all business intrusted to it. After October 3, 1901, defendant did no business through plaintiff, and in no way communicated with plaintiff, and after that date he did not examine, or even open, the letters received from plaintiff. He was not satisfied with the services performed by plaintiff, but he never gave notice of this fact to plaintiff.

Plaintiff commenced this suit in justice's court to recover a year's salary at $25 per month and $5.88 for goods purchased for defendant. Defendant pleaded the general issue. The trial in that court resulted in a judgment for plaintiff for $305.88, the full amount of its claim. Defendant appealed to the circuit court, and the trial there resulted in a verdict and judgment for defendant.

It is to be inferred from the record that this verdict would not have been rendered had the trial judge not permitted defendant to show and the jury to consider, against plaintiff's objection, testimony showing what occurred between defendant and plaintiff's vice-president at the time the latter secured from the former the order heretofore set forth. This testimony tended to prove that at the time the order was taken, both before and after defendant signed the same, said vice-president informed defendant that, unless the latter made a saving of $5,000 under this contract, he would not be required to pay the $25 per month agreed therein.

It was insisted in the court below, and it is insisted in this court, that this testimony was inadmissible under the plea of the general issue. If the only grounds upon

which this testimony was admissible are (*a*) that it tended
to prove that the execution of the contract was procured
by fraud, and (*b*) that it tended to show that after the con-
tract was made it was so modified that defendant was re-
leased from his obligation, the testimony was inadmissible
under the general issue.   See Cir. Ct. Rule 7, subd. *b*.
This rule was applicable, though this suit was originally
commenced in justice's court.   See *Hubbard* v. *Freiber-
ger*, 133 Mich. 139.

Defendant insists that, as plaintiff introduced on the
trial a deposition in which said vice-president testified to
said conversation—his testimony differing radically from
that of defendant—plaintiff cannot now insist that when
said testimony was contradicted it raised an issue not tri-
able in this cause.   It is true that a party has no right to
retain an unfair advantage resulting from his introducing
inadmissible testimony, and that, therefore, trial courts
may, if justice requires, permit such testimony to be con-
tradicted.   'While such a failure to observe the rules of
law for the admission of testimony warrants punishment,
that punishment should have some relation to the offense.
Such misconduct does not make a party an outlaw.    It
may be said in general, and certainly in this case, that the
principles of justice would be subverted, and a punish-
ment inflicted out of all proportion to the offense, were we
to hold that the admission of this improper testimony ef-
fected a radical change in the issue to be tried.

Defendant also insists that this testimony was admissi-
ble as tending to prove what the actual contract was, and .
he relies upon the cases of *Phelps* v. *Whitaker*, 37 Mich.
72; *Weiden* v. *Woodruff*, 38 Mich. 130; and *Walter A.
Wood Mowing & Reaping Machine Co.* v. *Gaertner*, 55
Mich. 453.   These cases and many similar cases are dis-
cussed and analyzed by Chief Justice MCGRATH in the
case of *Cohen* v. *Jackoboice*, 101 Mich. 416–418.   It will
be seen by reading his opinion that the only one of these
decisions which tends to support defendant's position is

*Walter A. Wood Mowing & Reaping Machine Co.* v. *Gaertner*, supra. That case is authority for the proposition that, when a written order does not purport to contain all the elements of the agreement, parol testimony is competent to prove the omitted portions. In the case at bar the order in question does purport to contain the elements of the agreement (see *Cohen* v. *Jackoboice*, supra), and therefore the case of *Walter A. Wood Mowing & Reaping Machine Co.* v. *Gaertner* is inapplicable. It may also be said that the parol testimony held competent in *Walter A. Wood Mowing & Reaping Machine Co.* v. *Gaertner* did not tend to contradict the terms of the writing. The testimony of defendant under consideration does tend to contradict it. It tends to prove that an obligation which the writing makes absolute was in fact conditional only. The elementary rule of evidence which forbids the introduction of parol testimony to contradict a written agreement is applicable, and excludes the testimony. See *Cohen* v. *Jackoboice*, supra. It follows from this reasoning that plaintiff was entitled to recover $100, viz., for four months' services at $25 each, as agreed in said order.

We think the plaintiff was also entitled to recover the item of $5.88 for money expended in the purchase of goods. Defendant admits that he received these goods, and says that he does not remember having paid for them. This is no proof of payment, even if payment could be proved under the general issue, as to which see Cir. Ct. Rule 7, subd. *b.*

Having determined that plaintiff has a right to recover $25 for each of the four months specified in the order, we come now to the question of its right to recover for the remaining eight months of said year. It will be remembered that defendant agreed, "if this trial [the four months' trial] was satisfactory, we will continue for the balance of the year." It is conceded by both parties that defendant had the right to determine whether the trial was satisfactory. But it is contended by plaintiff that it was defend-

ant's duty to notify it if he was not satisfied with said trial. I do not think it was defendant's duty to notify plaintiff that he did not intend to continue the contract. See *McCormick Harvesting Machine Co.* v. *Cochran*, 64 Mich. 636; *Osborn* v. *Rawson*, 47 Mich. 206; *Walter A. Wood Reaping & Mowing Machine Co.* v. *Smith*, 50 Mich. 565. Even if such a duty existed, plaintiff should have inferred defendant's dissatisfaction from his conduct. From October 3d to January 1st, while the contract was in full force, defendant, to plaintiff's knowledge, neither obtained nor sought the benefit of his contract. From this plaintiff should have inferred, and I think the correspondence indicates that it did infer, that defendant was dissatisfied.

Nor did defendant's receipt and failure to answer the written communications make him liable for the remainder of the year's salary on the principle of estoppel. Defendant did not voluntarily accept these communications. Plaintiff mailed them, and the postman delivered them. Defendant never replied to them, never used them, and never opened them. He simply preserved them. To make the principle of estoppel applicable, it must be held that from defendant's silence—from his failure to answer the communications—plaintiff had a right to infer, and did infer, his desire to continue the contract. Plaintiff had no right to draw any inference from defendant's silence, unless defendant was under an obligation, which the law will notice, to answer his communications. There is no such obligation. While politeness will ordinarily induce a man to answer letters, he has the legal right to ignore them, and to determine for himself whether he will answer them. Cases may arise in which this right is of great value, and the courts are not at liberty to destroy it. No inference may be drawn, therefore, merely because one does not return or answer a letter received by him. See *State Bank of St. Johns* v. *McCabe*, 135 Mich. 479; *Canadian Bank of Commerce* v. *Coumbe*, 47 Mich. 358.

It results from this opinion that the trial court erred in not directing a verdict for the plaintiff for $105.88.

Judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.