## BARLOW v. COTULLA.

(Court of Civil Appeals of Texas. San Antonio.
Nov. 1, 1911. Rehearing Denied
Nov. 29, 1911.)

CONTRACTS (§ 237*)—MODIFICATION—CONSIDERATION.

A contract, without a new consideration, entitling a vendor to retain interest on a note assigned by the purchaser for credit on the price is unenforceable if the vendor under a pre-existing contract was not entitled to such interest.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1119–1122; Dec. Dig. § 237.*]

Appeal from District Court, La Salle County; J. F. Mullally, Judge.

Action by Joseph Cotulla against M. J. Barlow. Judgment for plaintiff, and defendant appeals. Affirmed.

C. L. Bass, for appellant. Covey C. Thomas, for appellee.

COBBS, J. This case comes up, upon a second appeal, having been reversed by a former opinion of this court and returned for a new trial. Cotulla v. Barlow, 115 S. W. 294. On the 7th day of July, 1903, Joseph Cotulla and Mary Cotulla executed their note for $31,770, payable four years after date to M. J. Barlow, with 8 per cent. interest per annum, interest payable annually, and contemporaneously therewith executed and delivered their deed of trust, to secure said note, upon something like 20,000 acres of land, situated in La Salle county, Tex. The deed of trust did not contain any provision for the release of the lien to portions of the land. On the 23d day of February, 1904, Joseph Cotulla conveyed to W. L. Hargus survey No. 4, containing 408 acres, out of the above tract, among other considerations, taking his promissory note for $2,596.15, payable three years after date, to the order of Joseph Cotulla, with 8 per cent. interest per annum from date until paid, interest payable annually, and retaining a vendor's lien upon said land. By an instrument, dated the 26th day of February, 1904, M. J. Barlow released the lien on said land, reciting in said release the following words, among other things: "And whereas said Joseph Cotulla has this day indorsed to me, M. J. Barlow (the owner of said note for $31,770.00) note of W. L. Hargus for the sum of $2,596.15, secured by vendor's lien on the above-described tract of land; now therefore, know all men by these presents that I, M. J. Barlow, of La Salle county, Texas, in consideration of the premises, and the indorsement and delivery of said vendor's lien note, executed by W. L. Hargus, have this day, and do by these presents remise, release," etc. On the 3d day of March, 1904, Joseph Cotulla and M. J. Barlow entered into the following written agreement: "The State of Texas: County of La Salle: Whereas, M. J. Barlow, to secure a note executed by me in his favor for $31,770.00, holds a trust deed on all my land in La Salle County, Texas: and whereas, I have sold one tract of said land to W. L. Hargus, being survey No. 4 of 408 acres in the names of Adams, Beatty & Moulton, and as a part consideration for said land said Hargus has executed to me his note for $2,596.15, secured by a lien on said land, and I have transferred said note to M. J. Barlow; now, in consideration of said Barlow having released his trust deed lien on said land, I agree that he collect said note of $2,596.15 at its maturity, together with interest, and that at the maturity date of said note for $31,770.00, he, M. J. Barlow, credit same with $2,596.15 of money collected from said Hargus, and that he have, as a consideration for releasing said trust deed on said land, all interest collected on said Hargus' vendor's lien note. Witness my hand this 3d day of March, 1904: Joseph Cotulla. M. J. Barlow. Attest: M. F. Barlow, G. H. Knaggs."

On the trial of said cause the foregoing facts were substantially set out by the agreement of parties, and at the end of said agreement pertaining to the issues to be tried, we find the following language: "This release was obtained and delivered to Hargus, and the question at issue for the jury to decide in this case is as to the terms on which the release from Barlow was made." The amount in controversy on the trial of said cause was the interest on the said note in dispute, amounting to $839.40, which had been collected by appellant on said Hargus's note.

Appellee submitted proof on his contention that there was an antecedent parol agreement between them, made at the time appellee delivered to appellant the Hargus note; that appellant was to release the lien on the land so that Hargus could get a title free from the lien, and that appellant was to either give him credit for the note at once, to be applied on the large note, or hold the Hargus note as collateral security and collect principal and interest, and give appellee credit for such principal and interest on said note, due at maturity. Appellant denied there was any such parol agreement, but contended that the entire matter was controlled by the foregoing written agreement. Appellee further contended that, if such agreement was made, it was null and void for want of consideration, since appellant was, by the oral agreement, made prior to March 3, 1904, compelled to execute the release of the lien. There was evidence introduced to sustain the contention of both parties, and these were the only issues submitted, without objection, by the court.

First assignment of error. "The court erred in refusing to give in charge to the jury defendant's first requested special

charge, wherein the jury were instructed to return a verdict for defendant." The charge requested is as follows: "Under the evidence in this case, you are charged to return a verdict for the defendant, Barlow."

Since the jury found against appellant's contention on the issues agreed upon, and no complaint being made or any error assigned, otherwise than on the evidence, that he was entitled to an instructed charge, the question arises, therefore, as to whether there was sufficient evidence to support the verdict.

The issues were submitted by the court to the jury in an unusually clear and lucid charge, and no complaint is made of the court's charge in any particular, nor as to the introduction of any testimony.

We can see no error committed in refusing the charge, since we find that the evidence introduced upon the agreed issues, together with the oral evidence, sufficiently supports the verdict. Appellant bases his entire right to recover upon the written contract of March 4th, and under said assignment of error submits three propositions, as follows:

First proposition. "All the evidence proves that Cotulla voluntarily executed and delivered a writing to Barlow, by the terms of which he assigned and conveyed to Barlow his right to the interest under the Hargus note, and did not promise to execute an assignment of such interest to Barlow."

Second proposition. "Barlow alleged, and, without contradiction, proved that Cotulla executed in writing an assignment to Barlow transferring to him all of Cotulla's title to the interest under the Hargus note, and that Cotulla delivered this writing to Barlow, and that Cotulla also delivered the note to Barlow with his (Cotulla's) indorsement upon it; and Cotulla has neither pleaded nor proven any grounds for avoiding the transfer to him by Cotulla of all of Cotulla's rights and title to such interest arising on such note."

Third proposition. "The instrument under consideration by statute is presumed to be based upon a sufficient consideration whether it is interpreted as a present transfer or as a promise to transfer the interest of the Hargus note to Barlow by Cotulla; and if the plea of want of consideration is a sufficient answer to the instrument as pleaded by Barlow, then it would be incumbent upon Cotulla to not only prove that the specific consideration recited in the instrument is wanting, but that there is no other consideration whatever for the execution and delivery of the instrument, but Cotulla has failed to prove that there was no other consideration."

When appellant submitted the special charge requesting the court to instruct a verdict, under the evidence, the court's mind could not be, and was not, directed to any other reason for such requested charge, than as to the sufficiency of the evidence upon the issues agreed upon by the parties, relating "to the terms on which the release from Barlow was made."

As the jury, by their verdict, found that there was a parol agreement between the parties in respect to the disposition of the Hargus note and interest, antedating the written agreement of March 3, 1904, we see no way in which that finding may be disturbed.

We have given due consideration to the well-considered brief and argument of counsel, but to agree with him would compel us, in effect, to hold valid a new contract varying the terms of a previous binding contract upon the same subject-matter, without a new consideration. This we cannot hold. Jones v. Risley, 91 Tex. 7, 32 S. W. 1027; Kahle v. Plummer, 74 S. W. 786; Railway Co. v. Carter, 9 Tex. Civ. App. 677, 29 S. W. 565.

We find no error assigned that requires a reversal, and the judgment of the court is accordingly affirmed.