### BELL et al. v. MULKEY. (No. 2059.) *

(Court of Civil Appeals of Texas. Amarillo. Jan. 17, 1923. Rehearing Denied March 7, 1923.)

1. **Evidence** ☞428—To show that written instrument was not agreement held admissible.

While evidence to vary the terms of an agreement in writing is not admissible, evidence to show that there is not an agreement at all is admissible.

2. **Evidence** ☞429—Parol evidence held admissible to show that written instrument was not agreement.

Where no shipment of goods nor settlement on bills of lading was to be made as contemplated in the written contract, and no acceptance by the seller was expected, as the property was delivered long before the contract had reached the company, parol evidence *held* ad-

---

missible to show that the written instrument was no contract.

**3. Principal and agent ⟐123(7) — Evidence held sufficient to show agent authorized to act for seller and make indorsement on note to repair article sold.**

Evidence in an action for silos furnished *held* sufficient to sustain finding that the seller's agent had authority to indorse on defendant buyer's note that plaintiffs would put the silos in good condition in event defendant could not do so.

**4. Appeal and error ⟐742(1), 743(1)—Unintelligible assignments of error and propositions lacking reference to record not considered on review.**

Assignments of errors and propositions not intelligible and lacking references to the record will not be considered on review.

**5. Evidence ⟐513(1), 545—Testimony of other purchaser of silo held admissible, and to qualify him as expert as to defective erection of silo and value of ensilage.**

Where, in an action for silos sold and erected, in which defendant interposed the defense of defective erection and anchorage, testimony of witness previously purchasing silos from plaintiffs that his silo blew down in an ordinary wind, that from his experience he knew how silos should be anchored, and the anchorage of the silos put on defendant's premises was not sufficient, that he knew the value of ensilage as feed, *held* properly admissible as tending to show plaintiffs' method of anchorage was defective, and sufficient to qualify witness as an expert to give evidence of sufficiency of anchorage and value of ensilage as feed.

**6. Appeal and error ⟐664(4)—Statement of facts controls, if bill of exceptions conflicts.**

In case of conflict between the statement of facts and a bill of exceptions, the statement of facts will control.

**7. Contracts ⟐88—Written contract imports consideration.**

Under Rev. St. art. 7093, a written contract imports a consideration.

**8. Sales ⟐357(1)—Burden of proving failure of consideration upon party asserting lack of consideration for contract.**

In an action on note given for purchase price of silos sold, the burden of proof was on the defendant to establish the facts alleged in support of his failure of consideration.

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by Keller J. Bell, and another, against W. G. Mulkey. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Dedmon & Potter and J. A. Templeton, all of Fort Worth, and Chas. Y. Welch, of Quanah, for appellants.

Hankins & Magee and Marshall & Perkins, all of Quanah, for appellee.

BOYCE, J. Keller J. Bell and Sid R. Clift, partners, under the name of the Western Silo Company, brought this suit to recover principal, interest, and attorney's fees on a note dated October 8, 1913, executed by W. G. Mulkey, for the sum of $475 and payable to the said company. They allege that the note was given in payment for two silos bought by the defendant under the terms of a written contract dated September 12, 1913, and prayed in the alternative for recovery on said written contract. The defendant pleaded that the written contract of September 12, 1913, was without consideration; that it was executed as a matter of form, with no intention of binding either party, and was never acted on by either party; that the note was executed in pursuance to an oral contract, entered into between the plaintiffs and the defendant long prior to September 12, 1913; that by the terms of this contract plaintiffs agreed to sell to the defendant material for the erection of two wooden silos, and to supervise the erection thereof on defendant's premises, to the end that they might be properly constructed, representing that when so constructed they would be suitable and fit for use as silos; that under this contract defendant was to furnish other material and labor necessary for the erection of said silos and upon completion of the structures was to pay plaintiffs by the execution and delivery of the note sued on; that the silos were erected under the terms of this oral contract, but that they fell down on the afternoon of the day on which the work was completed and were wholly worthless; that defendants executed the note on the morning of October 9, 1913, and without knowing that the silos had fallen down; that he did know at the time that one of the silos was not plumb and the material therein warped, and an agreement was indorsed on the note at the time of its execution which provided that plaintiff should put the silo in good condition in case defendant was unable to do so.

Defendant set up these same allegations in a cross-action, and prayed for the recovery of damages sustained by reason thereof.

The plaintiffs, by supplemental petition, again set up the written order and alleged that it constituted the contract between the plaintiffs and defendant; that plaintiffs did not agree to superintend the erection of said silos but same were accepted by defendant at Chillicothe; that F. W. Schopmeyer, with whom defendant dealt, as representing plaintiffs, had no authority to vary the terms of the written contract, and was without authority to bind the plaintiffs by the indorsement on the note executed by the defendant.

The jury, in response to special issues, found that the silos were sold and erected under the verbal contract and were to be

paid for after erection; that the silos fell because of defective anchorage and were thereafter of no value; that Schopmeyer, the agent who made the contract with defendant, was acting with apparent authority for the plaintiffs in making the contract and in accepting defendant's note with the indorsement thereon. Findings were also made as to the elements of damage claimed by defendant in his cross-action. The court entered judgment that the plaintiffs take nothing by their suit, and that the defendant recover the sum of $315 on his cross-action.

We think the findings of the jury are sustained by the evidence and make only such statement of facts as is necessary to an understanding of the questions discussed. The plaintiffs resided at Des Moines, Iowa, and were engaged in the business of manufacturing silos, silo cutters, etc. C. C. Crady of Fort Worth had a contract with plaintiffs which gave him the exclusive right to sell plaintiffs manufactured products in a large territory in the state of Texas and Oklahoma. The contract provided that Crady was to be paid certain commissions on sales made by him which were payable as settlements were made with Crady's customers. It was provided that "all orders are to be taken and settlements made on forms furnished by" plaintiffs. F. W. Schopmeyer was working under Crady, wtih no direct contract with plaintiffs. Prior to September 12, 1913, plaintiffs had shipped two silos in knocked-down condition, to Chillicothe, Tex., on order of persons undisclosed and who refused to accept them. These silos were stored at Chillicothe. Defendant and Schopmeyer had some negotiations in reference to the sale of these two silos to defendant, and an oral contract was made between them substantially as alleged by defendant. There is a conflict as to the circumstances of the execution of the written order mentioned in plaintiffs' pleading. The defendant testified that the oral contract was made some time before the written order was signed, without anything being said about the signing of any order. Schopmeyer testified that the written order was signed upon conclusion of the oral negotiations between him and defendant. Defendant further testified that he signed the written order at Schopmeyer's request at a time when he was sending his wagons to load the material, and that he did not read the order. This order reads in part as follows:

"September 12, 1913.

"Western Silo Co., Des Moines, Iowa: Please ship to me the following goods on or before at once, 1913, or at your earliest convenience. Point: Chillicothe. Mail address ————. [Here follows description of material composing the silo, with price showing total price of $475.00.] Terms: November 1, 1914, with eight per cent. interest from January 1, 1914. Bill of lading and settlement papers are to be mailed at the First State Bank at Quanah, and I agree to receive the above-mentioned articles

and make settlement in accordance with the terms specified above immediately on receipt of the goods. This order is not binding on the aforesaid company until accepted by them in writing at their office in Des Moines, Iowa. It is understood that this order constitutes the entire and only agreement between the parties hereto," etc.

"[Signed.]    F. W. Schopmeyer, Salesman.
"W. G. Mulkey."

Schopmeyer mailed this order to Crady who in turn mailed it to plaintiffs at Des Moines. It is indorsed, "Accepted by Short." Short was the credit man for plaintiffs and testified that he accepted the order for them. It does not appear when the acceptance was written thereon or that defendant was ever notified thereof. The silo material was delivered to defendant on the same day that this order was signed and immediately hauled out to his place. Schopmeyer sent a man who superintended the erection of the silos. On the afternoon of the completion of the work there was a windstorm, not of unusual character, and both silos blew down, the anchorage being pulled up. Defendant was not at his place when this happened, but executed a note on the next morning in ignorance of such fact.

[1, 2] The principal contention urged by appellants, in various propositions and under various assignments, is that evidence of the verbal contract should not have been admitted and the rights of the parties should have been determined by the terms of the written order. It has been held in a great many cases that the rule against the admission of parol evidence of prior or contemporaneous agreements to vary or contradict the terms of a contract reduced to writing does not apply to evidence offered to show that the writing is in reality no contract at all. Under this rule, evidence has been admitted to show that a contract was executed as a joke; as a mere matter of form or to be exhibited to induce action by some third person with no intention that it should bind the parties; or upon condition precedent to its validity as a contract. Coffman v. Malone, 98 Neb. 819, 154 N. W. 726, L. R. A. 1917B, 258, and notes 263–267; Grierson v. Mason, 60 N. Y. 394; Bouchet v. Oregon Motor Car Co., 78 Or. 230, 152 Pac. 888; Humphrey v. Tinken Carriage Co., 12 Okl. 413, 75 Pac. 528; Church v. Chase, 110 Mich. 621, 68 N. W. 424; Deierling v. Wabash Ry. Co., 163 Mo. App. 292, 146 S. W. 816; Olmstead v. Michels (C. C.) 36 Fed. 455, 1 L. R. A. 840; Southern Street Railway Adv. Co. v. Metropole Shoe Co., 91 Md. 61, 46 Atl. 513; Page on Contracts (2d Ed.) 2176.

"The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698, quoting from an

English case of Pym v. Campbell, 6 El. & Bl. 370–373.

This principle has been recognized by our courts, though we know of no case in which it has been applied to a case exactly similar in fact to the one at bar. Hawkins v. Johnson (Tex. Civ. App.) 181 S. W. 563; Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 588. We see no good reason for not applying it to the facts of this case. The written contract in this case was not applicable to the situation. No shipment of goods was to be made as therein contemplated, no settlement was to be made on bills of lading as therein provided; no acceptance by the silo company was expected as the property was delivered long before the contract could reach the company. We think a finding that the contract was executed as a matter of form, with no intention that it should be the real expression of the agreement of the parties, and that the parties as a matter of fact acted under the parol contract rather than the writing, is amply sustained by the evidence.

This conclusion renders it unnecessary to determine whether the written contract was without consideration. See M., K. & T. Ry. Co. v. Carter, 9 Tex. Civ. App. 677, 29 S. W. 567; McNeill v. G. H. & N. Ry. Co. (Tex. Civ. App.) 86 S. W. 32; Barlow v. Cotulla (Tex. Civ. App.) 141 S. W. 292.

[3] It is also insisted that Schopmeyer had no authority to bind the plaintiffs by the agreements made by him. We think the evidence sufficient to sustain the finding of the jury that he had apparent authority to act for the plaintiffs. It was shown that he was engaged in selling plaintiff's silos and cutters in this part of the country. He had represented plaintiffs in some negotiations with defendant about a silo cutter. He had such control of the silos as that he could deliver possession of them to the defendant. It was shown that other silos had been erected under supervision apparently of a man furnished by plaintiffs for that purpose.

[4] The ninth assignment and the proposition thereunder are not entitled to consideration. They are not intelligible within themselves, and no statements or references to the record are made that would enable us to consider them without an independent search through the record.

[5] The eighth assignment and propositions thereunder complain of the admission of testimony of a witness by the name of M. D. Berry, who testified, over objections, first, that he had bought a silo from the plaintiffs in 1913, and it was put up under the supervision of the same man who superintended the erection of defendant's silos and was anchored in the same way; that it blew down in an ordinary wind; that from his experience he knew how silos should be anchored and the anchorage of the silos put up on defendant's premises was not sufficient; that

he knew the value of ensilage as feed and gave testimony bearing on defendants' claim for damages as a result of not being able to put his feed in the silos; that, after the witness' silo blew down, plaintiffs furnished him with instructions, blueprints, etc., indicating the adoption of a new system of anchorage. We think, the testimony as to the blowing down of another silo, erected in the same way as were plaintiffs, was admissible, as tending to show that the method of anchorage was defective. Houston Cotton Oil Co. v. Trammell (Tex. Civ. App.) 72 S. W. 246; Texas & Pacific Railway Co. v. Hill, 71 Tex. 451, 9 S. W. 351.

[6] We are also of the opinion that the witness showed sufficient qualification as an expert to give evidence as to the sufficiency of the anchorage of the silos and value of ensilage as feed. The admissibility of evidence of a subsequent change in the system of anchorage, on the issue of the sufficiency of the system in use at the time of the construction of defendant's silos, is questionable. G. C. & S. F. Ry. Co. v. McGowan, 73 Tex. 355, 11 S. W. 336; Enc. of Evidence, vol. 8, p. 914. The bill of exceptions shows that the objections to this testimony as to change in the system of anchorage was sustained, though the evidence appears in the statement of facts. In case of conflict between the statement of facts and a bill of exceptions, the statement of facts will control, but there is not necessarily a conflict here. The court may have sustained the objections as stated in the bill, and yet the evidence in some way got in without objection. Besides, there was other testimony amply sufficient to sustain the finding of the jury on this issue, and we do not think it appears probable that the finding would have been different if this evidence had been excluded.

[7, 8] The appellant also complains of the charge of the court on the burden of proof and the refusal of the court to give their charge requested thereon. The court's charge complained of is as follows:

"The burden of proof is on the plaintiffs herein, Keller J. Bell et al., to establish their contention by a preponderance of the evidence. The burden of proof is on the defendant herein, Mulkey, to establish his contention in respect to the matters claimed in his cross-action, by a preponderance of the evidence."

The plaintiffs requested a charge to the effect that the burden of proof was on the defendant to establish the alleged verbal agreement that the silos were sold in pursuance thereof and that the consideration for the written contracts sued on had failed. Several objections were presented to the charge given, the substance of them being that the burden of proving want or failure of consideration was on the defendant and that the charge placed on plaintiffs the burden of showing the facts pleaded by defendant in support of such plea. By the express provi-

sions of law, a written contract imports a consideration. Revised Statutes, art. 7093. And the burden of proof was on the defendant to establish the facts alleged in support of his plea of failure of consideration. Newton v. Newton, 77 Tex. 508, 14 S. W. 157. In order to show such failure, it was necessary for defendant to prove the verbal contract and that certain terms thereof had been breached. The execution and delivery of the note sued upon being admitted, the only issue in the case was one of failure of consideration, and the burden of proof was on the defendant as to this issue, so that there was no necessity for charging that any burden of proof was on the plaintiffs, and it is hard· to tell just what the jury may· have understood from the charge that the burden was on the plaintiffs to establish their contention. If the charge did not have the effect which appellants urged in their objections, it was at least very apt to be misleading and confusing. The objections were sufficient to point out the error in the charge, and we think this assignment should be sustained. The requested charge is substantially a correct statement as to the burden ·of proof in the case, though we do ·not entirely approve the form of the charge, as some confusion might result from the statement of the last clause thereof.

Reversed and remanded.