## BELL et al. v. MULKEY. (No. 2998.)

Court of Civil Appeals of Texas. Amarillo. May 16, 1928.

Rehearing Denied June 6, 1928.

1. **Evidence** ⬳441(9)—Parol evidence held admissible to show that written instrument was not actual agreement, but verbal agreement was real contract between parties.

Where alleged written contract to furnish silos was signed after silos had been purchased and hauled out to buyer's ranch and no provisions thereof were complied with, with one exception, thus making instrument simply a written order with a chattel mortgage provision, under Rev. St. 1925, art. 5489, not embodying true contract made between parties, *held*, that parol evidence was admissible to show that instrument was not in fact contract between parties, but that alleged verbal agreement constituted real contract between parties.

2. **Evidence** ⬳385—Parol evidence rule presupposes existence of valid writing.

The parol evidence rule presupposes the existence of a valid writing.

3. **Evidence** ⬳462—Parol evidence is admissible to show that purported contract in writing was not in fact intended by parties to be such.

Since parol evidence rule can be applied only when written agreement is proved to exist between parties, parol evidence is admissible to show that a writing, though purporting on its face to be a contract, was not in fact intended by the parties to be such.

**4. Evidence ⊚⇒441(1)—On conflict of evidence whether writing constitutes contract between parties, testimony to prove verbal agreement differing therefrom will not be excluded.**

Where paper set up as an agreement is not admitted to be such by the parties sought to be affected by it, and there is conflict of evidence on question whether it is such agreement or not, court will not exclude testimony adduced to prove verbal agreement differing in its terms from written one, but will merely direct jury to disregard such testimony, in case they find writing to be agreement of parties.

**5. Trial ⊚⇒388(2)—Filing of findings of fact and conclusions of law is properly denied in trial to jury (Rev. St. 1925, art. 2208).**

Under Rev. St. 1925, art. 2208, on a trial to a jury, court properly refused request to file findings of fact and conclusions of law.

**6. Appeal and error ⊚⇒215(1)—Objections on appeal to charge are limited to those made in trial court (Rev. St. 1925, art. 2185).**

Under Rev. St. 1925, art. 2185, no other objection can be urged on appeal to court's charge than that made in the trial court.

Appeal from District Court, Hardeman County; Robert Cole, Judge.

Action by Keller J. Bell and others against W. G. Mulkey. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. A. Templeton and P. G. Dedmon, both of Fort Worth, and Chas. Y. Welch, of Quanah, for appellants.

Marshall & Perkin, of Quanah, for appellee.

HALL, C. J. This is the second appeal of this case, the former judgment having been reversed by this court in an opinion by Judge Boyce, found in 248 S. W. 785. A writ of error from that decision was dismissed by the Supreme Court for want of jurisdiction. The case was again tried at the October term of the district court of Hardeman county, again resulting in a judgment for the appellee.

It appears that the case was tried the last time upon the same pleadings as before. Judge Boyce has made such a clear and succinct statement of the nature and result of the suit in the opinion above referred to that, for the sake of brevity, we refer to that statement as a part of this opinion. The only addition which we care to make to Judge Boyce's statement is that by a first supplemental answer the appellee alleged that the order which he gave for the silos was given after he had purchased them, and that in purchasing them there was no understanding that he would sign any written order, but that he did thereafter sign it without reading it; that the salesman asked him to sign it simply as a matter of form; and that there was no consideration moving to him for signing said order, and therefore the order was without consideration.

He further alleges in his supplemental answer that, if the agent Schopmeyer had no authority to represent the plaintiffs, such fact was unknown to the defendant, and that said Schopmeyer acted for plaintiffs and within the apparent scope of his authority.

The evidence introduced upon this trial is practically the same as was introduced by both parties at the former trial. The case was submitted upon identically the same charge and issues as before, except the charge upon the burden of proof. The findings of the jury are identical with the former findings upon the issues submitted, except as to the amount found for appellee upon his cross-action. Such being the state of the record, it becomes unnecessary for us to discuss the law applicable to the facts under the pleadings at any great length.

The appellants insist that the former opinion erroneously disposed of the questions presented, but, after a review of the authorities cited by Judge Boyce, we are not prepared to recede from our former position, except with reference to the charge upon the burden of proof, which will be hereinafter discussed.

[1] The gist of the appellants' contention upon this appeal, as formerly, is that the court erred in admitting evidence of the verbal agreement of sale, which was alleged by Mulkey and proven to the satisfaction of the jury upon both trials. Appellants' insistence is based upon the parol evidence rule, which Judge Boyce clearly held did not apply to the facts of this case. After reviewing the authorities, we are convinced that the evidence was admissible to show that there was no written agreement, and that the written order which appellants insist precludes all oral testimony was not in fact the agreement of the parties. The authorities cited by Judge Boyce in the former opinion unquestionably sustain his position and the facts support the holding.

A reconsideration of this purported written contract, which was signed several weeks after the silos had been purchased and had been hauled out to appellee's ranch, convinces us that it is simply a written order, with a chattel mortgage provision, which does not embody the true contract made between the parties, and is clearly not intended to reflect the terms of the sale. It is dated September 12, 1913, and requests the Western Silo Company at Des Moines, Iowa, to ship to appellee "the following goods on or before at once at your earliest convenience" two silos to Chillicothe. No shipment was made upon this order because the silos which were delivered were already at Chillicothe in the warehouse of one C. C. Crady. It was not intended that the Western Silo Company should ship the two silos described in the writing to the appellee, and it is admitted that it did not make any such shipment. Ap-

pellee and Schopmeyer, the appellants' agent, were on their way to Chillicothe from Quanah to haul the silos to the appellee's ranch when this order was signed.

The writing further provides that the bill of lading and settlement papers are to be mailed to the First State Bank of Quanah, and that appellee would receive the articles and make settlement in accordance with the specified terms immediately upon receipt of the silos. No bill of lading or settlement papers were ever sent to the First State Bank or any other bank. Appellee had received the articles, but was not asked to make settlement for a considerable time thereafter until after Schopmeyer had attempted to erect the silos and they had been blown down by a wind described as not unusual. The writing further provides that the carload rate of freight is allowed on silos. It was not intended that appellee should pay any freight whatever because none was due. The goods were already in Chillicothe, having been shipped to other parties who had refused to accept them.

The writing further provides that the order is not binding upon the company until accepted by it in writing at its office in Des Moines. As a matter of fact, it was not contemplated that the appellants would ever accept the order nor was such acceptance necessary. Long before the order could have reached Des Moines, the goods were in the hands of appellee and being erected upon his premises ten miles north of Chillicothe. The order, as it appears in the record, bears this notation:

"Accepted by Short. Send to Western Silo Company. Salesman: F. W. Schopmeyer."

The order contains this stipulation:

"Title to goods ordered and right to reclaim possession thereof for balance of purchase price shall remain in the name of the aforesaid company and in case of suit they shall be allowed reasonable attorney's fees and any other court costs incurred in prosecuting same. Venue thereof in Polk county, Iowa."

Under Revised Statutes, art. 5489, this instrument is a chattel mortgage as well as having the character of an order for the goods. The verbal agreement alleged and proven shows a complete contract long before this paper was even presented to appellee or signed. This paper did not bind the appellant or any one representing it to erect the silo upon appellee's premises. All that was done under the contract—that is, building the foundation by appellee, hauling the silos in their knocked-down condition out to his ranch, putting them up by Schopmeyer, and a notation upon the back of the note sued on to the effect that they had been defectively constructed and binding the appellants to remedy the defect if appellee could not—all show a practical construction and a complete recognition of the terms of the verbal con-

tract. Only one provision of the written contract has ever been complied with and that was a part of the verbal contract, viz. the execution of the note payable in accordance with that term of the writing. On that point there was no conflict and no variance between the verbal contract and the writing.

[2] The parol evidence rule presupposes the existence of a valid writing. This is axiomatic. An order to ship goods signed long after the sale and delivery of the goods, the provisions of which are not applicable to the sale, as it was actually negotiated and consummated, and which was executed without any separate or new consideration, and which was disregarded by both parties and ignored until after suit is filed, is not a contract within the provisions of the rule. It was, in fact, not even effective as an order to ship, because the goods were already in Chillicothe when it was signed.

[3, 4] The rule "can be applied only when a written agreement is proved to exist between the parties, and consequently parol evidence is admissible to show that a writing, although purporting on its face to be a contract, was not in fact intended by the parties to be such. Furthermore, where a paper set up as an agreement is not admitted to be such by the parties sought to be affected by it, and there is a conflict of evidence on the question whether it is such agreement or not, the court will not exclude testimony adduced to prove a verbal agreement differing in its terms from the written one, but will merely direct the jury to disregard such testimony, in case they find the writing to be the agreement of the parties." 22 C. J. 1211; Rush v. First National Bank (Tex. Civ. App.) 160 S. W. 609; Peugh v. Davis, 96 U. S. 332, 24 L. Ed. 775; Brick v. Brick, 95 U. S. 514, 25 L. Ed. 256; 2 Elliott on Contracts, § 1641; 4 Page on Contracts, §§ 2176–2179; McCaull-Dinsmore Co. v. Stevens, 59 Mont. 206, 194 P. 213; Palmer v. Roath, 86 Mich. 602, 49 N. W. 590; John Hutchison Manufacturing Co. v. Pinch, 107 Mich. 12, 64 N. W. 729, 66 N. W. 340; Weiden v. Woodruff, 38 Mich. 130; Richards v. Fuller, 37 Mich. 161; Wood M. & R. Machine Co. v. Gaertner, 55 Mich. 453, 21 N. W. 885; 3 Jones on Ev. (2d Ed.) pp. 2678, 2715, 2719.

[5] This being a trial to a jury, the court did not err in refusing appellant's request to file findings of fact and conclusions of law. R. S. art. 2208; Williams v. Planters' & Merchants' National Bank, 91 Tex. 651, 45 S. W. 690; Reese v. Carey Bros. (Tex. Civ. App.) 286 S. W. 307.

[6] The only remaining proposition necessary for us to consider is the twelfth, by which appellant complains of the following paragraph of the court's charge:

"The burden of proof is on the plaintiffs herein to establish their cause of action as alleged in their petition by a preponderance of the evidence."

The only objection made to this charge in the trial court was that it was not authorized or warranted by the evidence. Under the provisions of Revised Statutes, art. 2185, no other objection can be urged here. Hovey v. Sanders (Tex. Civ. App.) 174 S. W. 1025; St. Louis Southwestern Ry. Co. v. Ewing (Tex. Com. App.) 222 S. W. 198; Id. (Tex. Civ. App.) 180 S. W. 300; Armingen v. Martin (Tex. Civ. App.) 252 S. W. 1109. We think the charge was correct under the issues and evidence.

The judgment is affirmed.