## KAHN v. ILITZKY.

### No. 3565.

Court of Civil Appeals of Texas. El Paso.
June 24, 1937.

Rehearing Denied July 15, 1937.

Potash & Cameron, of El Paso, for appellant.

Armstrong & Jaffe, of El Paso, for appellee.

NEALON, Chief Justice.

This suit involves the ownership of a judgment obtained by John Pine and others, composing a partnership which operated under the name Globe Furniture Company, against H. Howe. Said partnership was adjudicated bankrupt November 5, 1934. All of its assets were sold by the trustee in bankruptcy to appellant. The purchase price was credited on appellant's claim for rent against the bankrupt partnership. The sale was approved by the referee in bankruptcy November 6, 1935. Thereafter, appellant employed Everett J. Jones to sell said assets at public auction for cash to the highest bidder—the sale to be made at Douglas, Ariz., and to be subject to the approval of Joe H. Goodman of El Paso, Tex. November 18, 1935, Jones, as agent for Kahn, made a sale to appellee, and the sale was approved by Goodman. Within forty-eight hours appellee paid the consideration and Jones delivered to him the stock, the fixtures, and the books of account. December 14, 1935, twenty-six days after the sale was made, appellant executed a bill of sale in El Paso and forwarded it to Everett J. Jones at Douglas, directing him to attach to it a list of the articles previously sold. The judgment, as such, was not mentioned in the bill of sale. The accounts receivable were described as "accounts receivable as shown by ledger of which 5% probably collectable and also accounts on inactive ledger."

In response to special issues the jury found that, (1) on November 18, 1935, appellee offered to buy, through Everett J. Jones, all of the assets purchased by S. Kahn from the trustee in bankruptcy of the Globe Furniture Company; (2) said offer was accepted by Jones on behalf of Kahn; (3, 4) neither the offer nor the acceptance included only the furniture, fixtures, stock of merchandise, and accounts receivable as shown by the ledger of the Globe Furniture Company at Douglas; (5) the purchase and sale was not to be evidenced by a bill of sale; (6) appellee accepted the bill of sale dated December 14, 1935, as the bill of sale of the property purchased by him from S. Kahn.

Judgment was rendered for plaintiff. From this judgment, defendant appeals.

Opinion.

Appellant contends that the judgment of the district court should be set aside upon the ground that the bill of sale is controlling, and that parol evidence should not have been heard to prove that title to the judgment passed by the sale. Upon this proposition depend all other urged grounds for reversal.

In the instant case, possession of stock, fixtures, and accounts was delivered to the purchaser nearly a month before the bill of sale was executed. It was neither alleged nor proved that as a part of the contract a bill of sale was to be delivered, and the jury found that it was not intended by the parties that the sale was to be evidenced by a bill of sale.

As we view the facts, the sale was complete when delivery was made and the consideration paid. As said in Cotulla v. Barlow (Tex.Civ.App.) 115 S.W. 294, at page 297, the rule of law that a prior oral agreement becomes merged in a subsequent written one applies where the oral agreement is executory on both sides. In the instant case, the agreement was executed nearly a month before the bill of sale was delivered. Title was complete when the consideration was paid and delivery made as far as the character of the property permitted. McKinney v. Fort, 10 Tex. 220; Wells v. Littlefield, 59 Tex. 556; Fidelity Union Fire Ins. Co. v. Ballew-Satterfield Co. (Tex.Civ.App.) 10 S.W.(2d) 163; Taylor Milling Co. v. American Bag Co. (Tex. Civ.App.) 230 S.W. 782.

While it is true there may be no manual delivery of a judgment, yet it may be assigned by parol. Garvin v. Hall, 83 Tex. 295, 18 S.W. 731; Putnam v. Capps, 6 Tex. Civ.App. 610, 25 S.W. 1024; Hunter v. Porter (Tex.Civ.App.) 81 S.W.(2d) 774.

The evidence was ample to sustain the findings. Appellant testified that he employed Jones to offer for sale the "assets" that had been transferred to him at the bankruptcy sale; he did not instruct Jones to reserve or except anything; he did not understand that this judgment was among the assets and never took any steps to collect it. Appellee testified that at the sale he told Jones that he was there to buy all of the assets of the Globe Furniture Company

or none. Goodman, who approved the sale, testified that he understood the sale was to be of all of the assets of the Globe Furniture Company in bulk. He qualified the statement by saying that Jones told him that he was selling the furniture, fixtures, and book accounts and mentioned nothing else.

Appellant testified that he never saw the list attached to the bill of sale. The last question and answer of the final cross-examination were, "Q. All you knew was whatever assets had been transferred to you by the Trustee were being sold for $750.00 cash, and that was the end of it? A. Yes."

■ The bill of sale as finally drafted and delivered recited as part of the property delivered "all accounts receivable as shown by the ledger of which 5% probably collectable and also all accounts on inactive ledger." Consistently with his theory, appellant by his first proposition, which is stated to be germane to assignments 3 and 4, invokes the parol evidence rule, as being applicable. The assignments challenge the court's action in admitting parol evidence as to the contract of sale. Evidence was not introduced to vary or contradict the terms of the bill of sale, but to show that the parties did not act under it. The evidence was admissible and the issue based thereon was properly submitted. Bell v. Mulkey (Tex. Civ.App.) 248 S.W. 784; Id. (Tex.Civ. App.) 7 S.W.(2d) 115; Id. (Tex.Com.App.) 16 S.W.(2d) 287; Burke v. Dulaney, 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698.

■■ The court did not err in failing to submit the issue of ratification requested by defendant, nor in failing to submit an issue as to whether there was a failure of consideration as to the bill of sale. Plaintiff's contention was that if he received the bill of sale as evidence of all he purchased, there was no consideration therefor. His plea was not one of failure of consideration, but want of consideration. The bill of sale was the act of defendant. As to him, a consideration for its execution is presumed. Wright v. Roberts, etc., Co., 122 Tex. 278, 58 S.W.(2d) 67. Plaintiff contends, however, that the sale was complete long before the writing was prepared, and, if the writing is to be substituted for the parol contract to plaintiff's disadvantage, a relinquishment of the ownership of the judgment theretofore assigned must be based upon a consideration flowing from defendant to plaintiff. The contention is sound. Under the undisputed evidence, there was no new consideration moving from defendant to plaintiff to compensate plaintiff for the elimination of the judgment from among the assets sold. The court submitted both theories as to the original contract, and there was no evidence that a novation was either discussed or proposed unless the delivery of the bill of sale was effective for this purpose. There was ample evidence to support the jury's findings. In fact it appears from the evidence of all the parties that there was no thought of reserving any of the Globe Furniture Company's assets from the sale. In the beginning, neither Kahn nor Ilitzky knew of the existence of the judgment, and at the time of the sale to Ilitzky, Jones, who had been trustee in bankruptcy, thought so little of its value, that he had forgotten that it was among the assets of the bankrupt partnership.

■ The court did not err in refusing to grant a new trial upon the ground of newly-discovered evidence. The proposed evidence was a copy of the advertisement published by Jones giving notice of the proposed sale. The notice recited that the furniture and fixtures were to be sold. No one testified that the authority of Jones to sell was limited by anything published, nor does it appear to have been so considered by any one when the sale was made. The notice did not include the accounts receivable, as to the sale of which appellant makes no question. The determination of a motion for new trial is largely within the court's discretion. To be subject to revision, it must appear that the ruling is manifestly wrong. McCaskey v. McCall (Tex. Civ.App.) 226 S.W. 432. It must appear that there has been an abuse of discretion. Kelsey v. Myers (Tex.Civ.App.) 29 S.W. (2d) 855. Applications for new trials upon the ground of newly discovered evidence are not favored. Bledsoe v. Burleson (Tex. Civ.App.) 289 S.W. 143; Kountze v. Tucker (Tex.Civ.App.) 103 S.W.(2d) 828.

All assignments of error are overruled, and the judgment of the district court is affirmed.